Clarito **VILLAFLORES**, Appellant,

v.

**ALASKA STATE COMMISSION FOR HUMAN RIGHTS**, Appellee.

No. S–12309.

Supreme Court of Alaska.

Nov. 16, 2007.

---

Clarito Villaflores, Anchorage, pro se.

William E. Milks, Assistant Attorney General, and Talis J. Colberg, Attorney General, Juneau, for Appellee.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

EASTAUGH, Justice.

## I. INTRODUCTION

Clarito Villaflores applied for a job with an Anchorage public utility and was not hired. Villaflores filed a complaint with the Alaska State Commission for Human Rights, alleging that he had been discriminated against based on his age and race. The commission, through staff, determined that Villaflores's complaint was not supported by substantial evidence because the utility hired an applicant of the same race and age class as Villaflores, and because Villaflores was not qualified for the job. In seeking reconsideration, Villaflores did not dispute the commission's rulings regarding his race and age discrimination claims, but continued to argue that he was discriminated against and that he was the most qualified applicant. The commission did not reopen his case, and the superior court denied his appeal. Because it is undisputed that the utility hired an applicant of

1. The utility permitted applicants without these qualifications to substitute pertinent work experience or higher education on a year-for-year basis.

the same race and age class as Villaflores, he failed to make out a prima facie case of discrimination. We therefore affirm.

## II. FACTS AND PROCEEDINGS

Clarito Villaflores applied for a job as a human resources supervisor with Anchorage Water & Wastewater Utility (AWWU) in April 2004. According to AWWU's job posting, the minimum qualifications included a bachelor's degree in human resources or a related field and three years of human resources experience, including one year of experience in conducting investigations or settling grievances.[1] Villaflores was not interviewed, and another applicant was hired. Villaflores then filed a complaint with the Alaska State Commission for Human Rights alleging that he was discriminated against based on his race (Asian) and his age (forty-five).

AWWU responded that it had hired an applicant who, like Villaflores, was Asian and over forty years old; that it did not interview Villaflores because he lacked the minimum qualifications for the job; and that the analyst who determined that Villaflores was not qualified did not know Villaflores's age and race. AWWU provided affirmative action data on all of the candidates who applied, as well as copies of the applications filed by Villaflores and the two women who received job offers.

The commission's staff determined that Villaflores's complaint was not supported by substantial evidence because the hired applicant was of the same race and age class as Villaflores. Commission staff also seemed to agree with AWWU that Villaflores did not meet the minimum qualifications. The commission closed Villaflores's case.

Villaflores asked the commission to reconsider that decision and to reopen his case because, although he no longer disputed "the issues of race and age discrimination," he disputed the commission's ruling that he was unqualified.[2] He did not claim that he was

2. His reconsideration motion stated: "While I do not dispute on the issues of race and age discrimination, the issue at bar is on qualifications."

discriminated against based on his membership in a protected group. The commission's executive director declined to reopen his case.

Villaflores appealed to the superior court, where he argued that although he was in the same protected class as the hired applicant, he could "still pursue [his] case that [he was] intentionally discriminated against by AWWU based on [his] qualifications and/or credentials." The superior court affirmed the commission's decision to close Villaflores's case, concluding that AWWU's minimum requirements and its decision that Villaflores was not the most qualified applicant were reasonable.

Villaflores appeals pro se.

## III. DISCUSSION

### A. Standard of Review

■ We independently review the merits of administrative decisions.[3] "We review an agency's factual findings to determine whether they are supported by substantial evidence."[4] "We review questions of law not involving agency expertise under the substitution of judgment test."[5]

### B. The Superior Court Did Not Err when It Concluded that Villaflores's Complaint Was Not Supported by Substantial Evidence.

■ Villaflores argues that although there are no issues of race or age discrimination, he is still entitled to legal relief under *Millbrook v. IBP, Inc.,*[6] a case from the Seventh Circuit Court of Appeals. The commission responds that Villaflores failed to state a

prima facie case of discrimination, that his allegations of discrimination were not supported by substantial evidence, and that *Millbrook* does not support his position.

■ Alaska Statute 18.80.220(a)(1) in pertinent part prohibits employers from discriminating on the basis of a person's race or age. To prove employment discrimination in a case in which there is no direct evidence of discriminatory intent, such as this one, the complaining party must first "establish a prima facie case of discrimination."[7] If the employer has filled the position, the complainant must prove that "(1) the complainant belongs to a protected class; (2) the complainant applied for and was qualified for a job for which the employer was seeking applications; (3) the complainant was rejected despite the complainant's qualifications;"[8] and (4) the employer hired "an individual [who was] not within the same protected class as the complainant."[9]

Villaflores's argument seems to assume that he did not need to prove that the utility discriminated against him based on his membership in a protected class. The first element of the prima facie case is evidence that the complainant belongs to a protected class.[10] Villaflores is Asian and was over the age of forty when he applied for the position, so he has established the first element. But the fourth element of his prima facie case required him to show that the person actually hired did not belong to the same protected class (or classes) as the complainant.[11] As the commission argues, the applicant who was hired was also Asian and over the age of forty, so she belonged to the same protected

**3.** *Raad v. Alaska State Comm'n for Human Rights,* 86 P.3d 899, 903 (Alaska 2004) (stating standard of review in employment discrimination case in which Lebanese Muslim woman alleged she was not hired because of national origin, religion, and gender).

**4.** *Id.*

**5.** *Id.* at 903–04.

**6.** *Millbrook v. IBP, Inc.,* 280 F.3d 1169, 1184–85 (7th Cir.2002) (entering judgment as a matter of law against black applicant who was not discriminated against because company hired white applicant with better credentials).

**7.** *Raad,* 86 P.3d at 904.

**8.** *Id.* (citing *Alaska State Comm'n for Human Rights v. Yellow Cab,* 611 P.2d 487, 490 (Alaska 1980) (holding that taxi company illegally discriminated against women by refusing to hire them)).

**9.** *Id.* at 904–05 (citing *Yellow Cab,* 611 P.2d at 492).

**10.** *Id.* at 904.

**11.** *Id.* at 904–05.

classes as Villaflores. Because Villaflores has failed to make out a prima facie case, the commission did not err when it found that Villaflores's complaint was not supported by substantial evidence, and the superior court did not err when it affirmed this determination.

Villaflores argues that he is entitled to prevail under the rule announced in *Millbrook*.[12] He seems to argue that *Millbrook* requires an employer to hire the most qualified applicant. We disagree with this reading of the case. The court in *Millbrook* held that to prevail on a discrimination claim, the employee must establish a prima facie case of discrimination. "[A] jury verdict for the employee [on a discrimination claim] cannot stand if the jury is simply disagreeing with the company as to who is best qualified."[13] *Millbrook* extends a great deal of deference to an employer's decisions unless there is "evidence of discrimination beyond the relative qualifications of the candidates."[14] In any event, *Millbrook requires* a complainant to make out a prima facie discrimination case before qualifications can even be discussed,[15] and Villaflores failed to do so.

## IV. CONCLUSION

Because Villaflores did not make out a prima facie case of discrimination, we AFFIRM.

---

12. *Millbrook*, 280 F.3d at 1177. Villaflores argues that we must follow *Millbrook* under the doctrine of stare decisis. *Millbrook* is not binding precedent in this case because it involves an interpretation of a federal law, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., not the state law, AS 18.80.220(a)(1), that we construe here.

13. *Millbrook*, 280 F.3d at 1178.

14. *Id.* (citations omitted).

15. In *Millbrook*, the plaintiff made out a prima facie case, and when the employer claimed it hired the most qualified applicant, he argued that his qualifications were superior to those of the person actually hired. *Id.* at 1174–75.