**Clarito VILLAFLORES, Appellant,**

v.

**ALASKA STATE COMMISSION FOR HUMAN RIGHTS, Appellee.**

**No. S–12499.**

Supreme Court of Alaska.

Feb. 8, 2008.

**21.** *Id.* at 1354–55.

**22.** *Id.*

**23.** *Id.*

**24.** *Id.*

Clarito Villaflores, Anchorage, pro se.

William E. Milks, Assistant Attorney General, and Talis J. Colberg, Attorney General, Juneau, for Appellee.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, and CARPENETI, Justices.

*OPINION*

EASTAUGH, Justice.

## I. INTRODUCTION

After Clarito Villaflores applied for a job with ConocoPhillips and was not hired, he filed a complaint with the Alaska State Commission for Human Rights, alleging discrimination based on age and race. The commission, through staff, determined that Villaflores's complaint was not supported by substantial evidence because Villaflores was not qualified for the job, and because ConocoPhillips had not known Villaflores's race and hired an applicant of the same age class as Villaflores. In seeking reconsideration, Villaflores disputed the commission's rulings regarding his race and age discrimination claims. The commission did not reopen his case, and the superior court denied his appeal. Because Villaflores's application failed to show he was qualified for the job he failed to make out a prima facie case of discrimination. We therefore affirm.

## II. FACTS AND PROCEEDINGS

Clarito Villaflores applied for a job with ConocoPhillips Alaska, Inc. as a North Slope human resources representative. The job description listed preferred qualifications, including five to ten years of human resources experience, labor relations experience, and a bachelor's or master's degree in human resources or a related field. The job application form did not ask applicants to report their age, but allowed applicants to voluntarily report their race. Villaflores's completed application did not state his race or age as such, but stated among other things that he had graduated in 1979 and 1983 from "Silliman University, Philippines," and that he was proficient in Filipino. Villaflores was not interviewed, and another applicant was hired. Villaflores then filed a complaint with the Alaska State Commission for Human Rights, alleging discrimination based on his race (Asian) and age (forty-five).

ConocoPhillips responded that it did not interview or hire Villaflores because he lacked the minimum qualifications for the job; that it hired the most qualified applicant for the job; and that the human resources

director who determined that Villaflores was not qualified did not know Villaflores's age or race. ConocoPhillips posted the human resources job twice and received a total of 324 applications. It interviewed eight applicants. The resume of the hired applicant revealed that he did not have a human resources degree but had ten years of human resources and labor relations experience in the oil industry on the North Slope.

The commission's staff determined that Villaflores's complaint was not supported by substantial evidence because Villaflores's application did not indicate any "relevant HR generalist or labor relations experience" and "the evidence did not support [Villaflores's] allegation that [ConocoPhillips] did not interview him, nor hire him . . . because of his age or race." Villaflores's application stated that he was a "Labor/Management Consultant" but did not state his duties or hours in that position. The commission closed Villaflores's case.

Villaflores asked the commission to reconsider its decision and reopen his case because ConocoPhillips did not disprove his allegations of race and age discrimination and implied that the commission erred in ruling that he was unqualified. The commission's executive director declined to reopen his case.

Villaflores appealed to the superior court, where he argued that ConocoPhillips discriminated against him on the basis of age and race. The superior court affirmed the commission's decision to close Villaflores's case, concluding that Villaflores failed to make out a prima facie case of discrimination.

Villaflores appeals pro se.

## III. DISCUSSION

### A. Standard of Review

■ We independently review the merits of administrative decisions.[1] "We review an agency's factual findings to determine whether they are supported by substantial evidence."[2] "We review questions of law not involving agency expertise under the substitution of judgment test."[3]

### B. The Superior Court Did Not Err when It Concluded that Villaflores Failed To Establish a Prima Facie Case of Discrimination.

Villaflores argues that he established a prima facie case of discrimination; that he is the most qualified applicant for the posted job; and that he is entitled to legal relief under *Millbrook v. IBP, Inc.*,[4] a case from the Seventh Circuit Court of Appeals. The commission responds that Villaflores failed to state a prima facie case of discrimination; that his allegations of discrimination were not supported by substantial evidence; and that *Millbrook* does not support his position.

■ Alaska Statute 18.80.220(a)(1) in pertinent part prohibits employers from discriminating on the basis of a person's race or age. To prove employment discrimination in a case such as this, in which there is no direct evidence of discriminatory intent, the complaining party must first "establish a prima facie case of discrimination."[5] If the employer has filled the position, the complainant must prove that "(1) the complainant belongs to a protected class; (2) the complainant applied for and was qualified for a job for which the employer was seeking applications; (3) the complainant was rejected despite the complainant's qualifications;"[6] and (4) the employer hired "an individual [who was] not

1. *Villaflores v. Alaska State Comm'n for Human Rights,* 170 P.3d 663, 665 (Alaska 2007) (citing *Raad v. Alaska State Comm'n for Human Rights,* 86 P.3d 899, 903 (Alaska 2004)).

2. *Id.* at 665.

3. *Id.*

4. *Millbrook v. IBP, Inc.,* 280 F.3d 1169, 1184–85 (7th Cir.2002) (holding district court erred by not

granting judgment as a matter of law to company that hired white applicant over black applicant solely based on merit).

5. *Villaflores,* 170 P.3d at 665 (quoting *Raad,* 86 P.3d at 904).

6. *Raad,* 86 P.3d at 904 (citing *Alaska State Comm'n for Human Rights v. Yellow Cab,* 611 P.2d 487, 490 (Alaska 1980) (holding that taxi company illegally discriminated against women by refusing to hire them)).

within the same protected class as the complainant."[7]

 Villaflores is Asian and was over the age of forty when he applied for the position, so he established the first element of his prima facie case.[8] But Villaflores cannot establish the second element, which requires a showing that he was qualified for the job. The second element is not met because his job application does not show that he possessed the requisite five to ten years of human resources experience. The employment section of Villaflores's application lists his work as a "Labor/Management Consultant" in the Philippines. But it does not describe the consulting duties or the time spent on the job. The hired applicant had ten years of human resources and labor relations experience in the oil industry on the North Slope. Because Villaflores did not make out a prima facie case, the commission did not err in concluding that Villaflores's complaint was not supported by substantial evidence, and the superior court did not err in affirming this determination.

Villaflores also argues that he is entitled to prevail under the rule announced in *Millbrook*.[9] He seems to argue that *Millbrook* requires an employer to hire the most qualified applicant. We disagree with any such reading of the case. The court in *Millbrook* held that to prevail on a discrimination claim, the employee must establish a prima facie case of discrimination: "[A] jury verdict for the employee [on a discrimination claim] cannot stand if the jury is simply disagreeing

with the company as to who is best qualified."[10] *Millbrook* extends a great deal of deference to an employer's decisions unless there is "evidence of discrimination beyond the relative qualifications of the candidates."[11] In any event, *Millbrook requires* a complainant to make out a prima facie discrimination case before qualifications can even be discussed,[12] and Villaflores failed to do so.

## IV. CONCLUSION

Because Villaflores did not make out a prima facie case of discrimination, we AFFIRM.

BRYNER, Justice, not participating.

---

7. *Id.* at 904–05 (citing *Yellow Cab*, 611 P.2d at 492).

8. AS 18.80.220(a)(1) (listing race and age as unlawful bases for refusing employment); *Raad*, 86 P.3d at 904 (stating the test for a prima facie showing of discrimination "is not applied mechanistically ... and varies with the factual circumstances of the particular case").

  Villaflores argues that ConocoPhillips knew his "race, national origin, and age" because his application stated that he graduated from a university in the Philippines in 1983. Because there is no direct evidence of discrimination and because Villaflores has failed to show that he was qualified for the job, we do not need to discuss whether ConocoPhillips had knowledge of Villaflores's age or race when it failed to interview or hire him.

9. *Millbrook*, 280 F.3d at 1177. Villaflores argues that we must follow *Millbrook* under the doctrine of stare decisis. *Millbrook* is not binding precedent in this case. It involves an interpretation of federal law, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., not the state law, AS 18.80.220(a)(1), that we construe here.

10. *Millbrook*, 280 F.3d at 1178.

11. *Id.* (citations omitted).

12. In *Millbrook*, the plaintiff made out a prima facie case, and when the employer claimed it hired the most qualified applicant, the plaintiff argued that his qualifications were superior to those of the person actually hired. *Id.* at 1174–75.