**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GREGG CONITZ,

            Plaintiff - Appellant,

  v.

TECK ALASKA INCORPORATED,

            Defendant - Appellee,

  and

NANA REGIONAL CORPORATION,

            Defendant-intervenor -
Appellee.

No. 10-35195

D.C. No. 4:09-cv-00020-RRB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted May 3, 2011
Anchorage, Alaska

Before: ALARCÓN, GRABER, and BYBEE, Circuit Judges.

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Gregg Conitz ("Conitz") appeals the district court's grant of summary judgment in favor of Teck Alaska Incorporated ("Teck") and NANA Regional Corporation, Inc. ("NANA"), on his Title VII discrimination claim. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Teck's preference for NANA shareholders applies only when two or more equally qualified candidates seek promotion to the same position. If one of the candidates is a NANA shareholder, this factor is used as a tie-breaker. Since this policy purports to favor candidates because they hold shares in NANA, and not because they are Alaska Natives, it is not facially discriminatory.

Because Teck's policy does not directly discriminate on its face, Conitz must satisfy the elements of a prima facie case, as laid out in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802 (1973), if his suit is to survive. *See Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985) (noting that where a Title VII plaintiff fails to present "direct evidence of discrimination," the case may still proceed if the *McDonnell Douglas* factors are satisfied); *Bonilla v. Oakland Scavenger Co.*, 697 F.2d 1297, 1301–03 (9th Cir. 1982) (applying the *McDonnell Douglas* prima facie test to an employment policy favoring shareholders). To establish a prima facie case, Conitz must show: (1) that he belonged to a protected class, (2) that he was qualified for the job he sought, (3)

that he was subjected to an adverse decision, and (4) similarly situated employees not in his protected class received more favorable treatment. *Anthoine v. N. Cent. Counties Consortium*, 605 F.3d 740, 753 (9th Cir. 2010).

Conitz has not satisfied the *McDonnell Douglas* test because all the evidence in the record, aside from Conitz's own uncorroborated statements, indicates that he was not qualified for the position that he had sought. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) ("[T]his court has refused to find a genuine issue [of material fact] where the only evidence presented is uncorroborated and self-serving testimony." (internal quotation marks omitted)). Since Conitz was denied promotion based on his lack of qualifications, and not because of Teck's shareholder preference, his claims cannot go forward.

Conitz suggests in the alternative that he could have satisfied the *McDonnell Douglas* test had the district court granted his request to conduct further discovery. We hold that the district court did not abuse its discretion in denying Conitz's request. Conitz himself had asked the district court to stay discovery pending resolution of his motion for a permanent injunction. Conitz's motion for a permanent injunction amounted to a request to the district court to decide the full merits of his case, and the district court said that it would therefore treat the motion as a motion for summary judgment. Conitz accordingly assumed the risk of

3

inadequate discovery when he requested that the district court rule on his motion before developing a full record.

Finally, Conitz asks the court to decide whether Teck's shareholder preference policy constitutes racial discrimination in violation of Title VII. Because Conitz has failed to demonstrate how the policy might have affected him, we decline to reach this issue.

AFFIRMED.