*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, e-mail corrections@appellate.courts.state.ak.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| GREGG CONITZ, | ) | |
| | ) | Supreme Court No. S-14357 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-09-10085 CI |
| v. | ) | |
| | ) | O P I N I O N |
| ALASKA STATE COMMISSION | ) | |
| FOR HUMAN RIGHTS, and TECK | ) | No. 6871 - March 7, 2014 |
| ALASKA INCORPORATED, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Philip R. Volland, Judge.

Appearances: Kenneth L. Covell, Law Offices of Kenneth L. Covell, Fairbanks, for Appellant. William E. Milks, Assistant Attorney General, Juneau, and Michael C. Geraghty, Attorney General, Juneau, for Appellee Alaska State Commission for Human Rights. Sean Halloran, Littler Mendelson, P.C., Anchorage, for Appellee Teck Alaska Incorporated.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

MAASSEN, Justice.

## I.       INTRODUCTION

The Alaska State Commission for Human Rights dismissed Gregg Conitz's complaint against his employer, Teck Alaska Incorporated, alleging discrimination in its

promotion decisions. The superior court dismissed Conitz's appeal as moot, finding that the same claims had already been decided by a federal court and that the doctrine of res judicata would therefore preclude further pursuit of the claims if they were remanded to the Commission. Conitz appeals. We affirm the superior court's decision.

## II.    FACTS AND PROCEEDINGS

Over the last seven years, Gregg Conitz has filed a number of claims against his employer, Teck Alaska Incorporated (Teck), alleging violations of state and federal civil rights statutes. Teck operates the Red Dog Mine in what it characterizes as a joint venture with NANA Regional Corporation. Teck has a hiring preference for NANA shareholders under which "[f]irst preference for all Red Dog jobs would go to qualified NANA shareholders."[1] Conitz, who describes himself as white and as a minority in the Northwest Arctic Borough (which is geographically coextensive with the NANA Region), contends that Teck's preference for NANA shareholders is racially discriminatory and that it has cost him several opportunities for promotion to supervisory positions at the Red Dog Mine.

In 2006, Conitz filed complaints with both the Alaska State Commission for Human Rights (the Commission) and the federal Equal Employment Opportunity Commission (EEOC) based on Teck's failure to promote him in 2004 and 2005 to positions as mine operations supervisor and mine trainer, respectively. After the EEOC declined to act on Conitz's claims, he brought suit against Teck on those claims in

---

[1]    The parties dispute the scope of the preference, but Conitz also asserts that the extent of it "is immaterial to the question of law of whether any shareholder preference at the Teck mine is illegal." We agree that the exact parameters of Teck's shareholder preference are immaterial to our decision and therefore do not describe it fully here.

federal district court. The federal district court dismissed Conitz's suit, ruling that he had failed to demonstrate he was qualified for the positions he sought and that Teck's shareholder preference was "not prohibited by law because it is based on the permissible distinction of shareholder status rather than race."[2] The Court of Appeals for the Ninth Circuit affirmed, though it limited its holding to Conitz's failure to show he was qualified for the jobs he sought; it did not discuss the legality of Teck's hiring preference.[3]

Between the time of the federal district court's decision and the Ninth Circuit's affirmance, Conitz filed new complaints with the EEOC and the Commission alleging new civil rights violations. In these complaints, Conitz alleged that Teck had twice more failed to promote him to the position of mine operations supervisor, once in November 2007 and again in July 2008, because of its unlawful shareholder preference. The EEOC dismissed Conitz's complaint on grounds that it was "unable to conclude that the information obtained establishes violations of the statutes," and Conitz again brought suit on his claims in federal district court.

While this second federal suit was pending, the Commission staff issued its own determination of Conitz's second administrative complaint. The Commission found that Conitz's claim based on alleged discrimination in 2007 was untimely and therefore "not jurisdictional for the Commission";[4] and it concluded that his claim arising in 2008

---

[2]    *Conitz v. Teck Cominco Alaska Inc.*, No. 4:06-cv-0015-RRB, slip op. at 4 (D. Alaska July 21, 2008).

[3]    *Conitz v. Teck Alaska Inc.*, 331 F. App'x 512, 513 (9th Cir. 2009).

[4]    The Commission's governing regulations provide that "[a] complaint alleging a discriminatory act or practice not of a continuing nature must be filed no later than . . . 180 days after the alleged discriminatory act or practice occurred." 6 Alaska

(continued...)

was unsupported by substantial evidence, relying on testimony that the employee selected over Conitz for the position at issue was "not only a better equipment operator than complainant, but . . . , in the foreman's opinion, had a better safety record, better leadership skills, broader experience, and a better attitude than complainant." The Commission's investigations director approved this determination and dismissed Conitz's case by order dated August 20, 2009.

Conitz appealed this order to the state superior court. While the appeal was pending, the federal district court ruled on Conitz's second federal suit.[5] It relied on the doctrine of res judicata to decide that Conitz was precluded from litigating the 2007 failure to promote, reasoning that he could have pursued the claim in his first federal suit, which did not proceed to final judgment until July 2008.[6] By separate order the court rejected Conitz's claim based on the 2008 failure to promote, which was too recent to have been brought in the earlier suit; the court ruled that Conitz was not qualified for the position he sought and that Teck's shareholder preference was not unlawfully discriminatory.[7] On appeal the Ninth Circuit affirmed the lower court's decision that Conitz was not qualified for the position he sought but again declined to reach the

---

[4]    (...continued)
Administrative Code (AAC) 30.230(b)(2) (2013).

[5]    *Conitz v. Teck Alaska Inc.*, No. 4:09-cv-0020-RRB, slip op. at 12 (D. Alaska Nov. 4, 2009).

[6]    *Id.* at 6-7.

[7]    *Conitz v. Teck Alaska Inc.*, No. 4:09-cv-0020-RRB, slip op. at 13 (D. Alaska Jan. 20, 2010).

legality of Teck's shareholder preference, on grounds that "Conitz has failed to demonstrate how the policy might have affected him."[8]

Before the Ninth Circuit issued this ruling, the state superior court decided Conitz's administrative appeal from the Commission's determination to dismiss his claims. In a written decision, the court dismissed Conitz's appeal as moot, reasoning that all of his claims had been decided on their merits in his two federal suits, and thus even if the superior court reversed the Commission's determination and remanded the case, the doctrine of res judicata would prevent the Commission from prosecuting Conitz's claims to any different resolution.

Following some procedural difficulties, further described in section IV.A below, Conitz filed an appeal to this court. The Commission moved to dismiss the appeal on timeliness grounds, and Teck joined in the motion. We declined to dismiss the appeal on the Commission's motion but did order the parties to "include as a point on appeal whether the appeal was timely filed."[9] Conitz accordingly amended his points on appeal.

Conitz's primary argument on appeal is that the superior court erred in applying the doctrine of res judicata to dismiss his case. He also asks us to rule that Teck's shareholder preference is racially discriminatory. He further argues that the Commission should not have closed his file without holding an adversarial hearing.

## III. STANDARD OF REVIEW

---

[8]     *Conitz v. Teck Alaska Inc.*, 433 F. App'x 580, 581 (9th Cir. 2011).

[9]     Alaska Supreme Court Order No. S-14357 (Oct. 11, 2011).

"We independently review the merits of administrative decisions."[10] "We review an agency's factual findings to determine whether they are supported by substantial evidence."[11] "We review questions of law not involving agency expertise under the substitution of judgment test."[12] Whether res judicata applies is one such question of law, reviewed de novo.[13]

## IV. DISCUSSION

### A. Conitz's Appeal Was Untimely, But We Relax The Rules To Decide It On Its Merits.

We agree with Teck and the Commission that Conitz's appeal to this court was untimely.[14] The superior court's decision was distributed on February 17, 2011, and

---

[10] *Villaflores v. Alaska State Comm'n for Human Rights*, 170 P.3d 663, 665 (Alaska 2007) (citing *Raad v. Alaska State Comm'n for Human Rights*, 86 P.3d 899, 903 (Alaska 2004)).

[11] *Id.* (quoting *Raad*, 86 P.3d at 903) (internal quotation marks omitted).

[12] *Id.* (quoting *Raad*, 86 P.3d at 903-04) (internal quotation marks omitted).

[13] *Weber v. State*, 166 P.3d 899, 901 (Alaska 2007) (citing *Alaska Wildlife Alliance v. State*, 74 P.3d 201, 205 (Alaska 2003)).

[14] The appellees also argue that Conitz waived his right to respond to their timeliness argument because he did not address the issue in his opening brief. Our order requiring Conitz to include the issue in his points on appeal was somewhat anomalous as a procedural matter, given that the lack of timeliness was not his issue but rather the appellees' argument for dismissal. But as the appellees' argument, it was their obligation to brief it or risk waiving it. Conitz could have anticipated the timeliness challenge in his opening brief, but he did not waive his right to respond by failing to address it preemptively. We note that Conitz's arguments on the timeliness issue were identical to those he raised in opposition to the motion to dismiss, and the appellees were not prejudiced by having to brief the issue first.

Conitz therefore had until March 21, 2011, to appeal to this court.[15]  He did not do so until June 20, nearly three months late.  In the meantime he had filed a tardy motion for reconsideration of the superior court's decision, had mistakenly filed a notice of appeal from that decision in the superior court rather than this court, and had shown some confusion as to whether the superior court's decision was in fact a final judgment for purposes of appeal.  On June 20, 2011, at the same time that he first filed a notice of appeal in this court, he filed a motion with the superior court requesting entry of final judgment.[16]

Conitz appears to argue that his motion for reconsideration, which he filed in superior court on March 4, 2011, extended the time for filing an appeal.  It did not.  Though purportedly brought under Civil Rule 77(k), Conitz's motion is properly considered as a motion for reconsideration under Appellate Rule 503(h), since Part Five of the Appellate Rules applies to motions for reconsideration when the superior court acts as an intermediate appellate court.[17]  But the motion was untimely under either

---

[15]     *See* Alaska R. App. P. 204(a)(1).  March 21, 2011, was actually 32 days from February 17, 2011.  The thirtieth day was a Saturday.

[16]     The superior court denied Conitz's motion for entry of final judgment on August 4, 2011.  Conitz then refiled his appeal in this court; his June 20 notice of appeal had been rejected by the clerk's office for various deficiencies, including a failure to include a copy of the final order or judgment from which he was appealing.

[17]     *See Alvarez v. Ketchikan Gateway Borough*, 28 P.3d 935, 942 (Alaska 2001) (applying Appellate Rule 506 to time for rehearing "because the superior court acted as an intermediate appellate court by reviewing the Board's decision"); *Childs v. Tulin*, 799 P.2d 1338, 1341 (Alaska 1990) ("Appellate Rule 506 controls rehearings by the superior court acting as an intermediate court of appeals.").

rule.[18]  And in any event, a motion for reconsideration filed pursuant to Appellate Rule 503(h) is not listed in Appellate Rule 204(a)(3) among the "timely motion[s] filed in the trial court" that terminate the running of the time for filing an appeal.

We nevertheless entertain Conitz's late-filed appeal.  Appellate Rule 521 allows us to relax the rules "where a strict adherence to them will work surprise or injustice."  When deciding whether to allow a late-filed appeal we must "balance the right to appellate review, the willfulness and extent of the rules violation, and the possible injustice that might result from dismissal."[19]  We will excuse a late filing when it is the result of reasonable confusion about the state of the law and there is no prejudice to the opposing party.[20]

We have excused late-filed appeals in the past where the appellant reasonably believed that a motion for reconsideration would terminate his time for

---

[18]     *See* Alaska R. App. P. 503(h)(1) ("A motion for reconsideration must be filed within ten days after the date of notice of the order . . . ."); Alaska R. Civ. P. 77(k) ("A motion to reconsider the ruling must be made within ten days after the date of notice of the ruling . . . .").  The tenth weekday after the date of notice of the order, February 17, 2011, was February 28, and Conitz filed his motion on March 4.  Conitz appears to argue that the appellees have waived any objection to the timeliness of his motion for reconsideration by failing to object to it in the trial court.  We found a similar argument to be without merit in *Vogt v. Winbauer*, and we reject it here as well.  376 P.2d 1007, 1009 (Alaska 1962).

[19]     *Cook v. Aurora Motors, Inc.*, 503 P.2d 1046, 1049 (Alaska 1972) (internal footnotes omitted).

[20]     *See, e.g., McCarrey v. Comm'r of Natural Res.*, 526 P.2d 1353, 1354-55 (Alaska 1974) (holding that plaintiff's failure to bring timely appeal of administrative decision in superior court was forgiven where "a great deal of confusion existed concerning the method and procedures by which appeals from an administrative decision might be taken to the superior court").

appeal[21] and where the appellant was reasonably confused about whether the superior court's order was an appealable final judgment.[22] Conitz's counsel made both these errors. But before today we had never expressly held that motions for reconsideration filed in the superior court under Appellate Rule 503(h), unlike motions for reconsideration filed under Civil Rule 77(k), do not terminate an appellant's time to file a further appeal (though the language of the rule is arguably explicit enough). Further, when Conitz's time to appeal expired we had not yet explicitly stated that a separate final judgment is not required before a party may appeal a superior court's appellate decision. We resolved this issue three months later in *Griswold v. City of Homer*, but in doing so we stated that we were clarifying an otherwise confusing area of the law.[23]

Finally, the appellees do not allege that they were prejudiced by the delay caused by Conitz's procedural errors. Conitz served all of his erroneous filings on the appellees, and there is no question but that they were on notice of his intent to appeal the superior court's decision. When the clerk of the superior court informed Conitz that no separate judgment would be forthcoming absent a motion requesting one, Conitz

---

[21] *Anderson v. State, Commercial Fisheries Entry Comm'n*, 654 P.2d 1320, 1320-22 (Alaska 1982) (late-filed appeal accepted because appellant's incorrect belief that motion for reconsideration terminated time to appeal was "far from untenable").

[22] *Mattfield v. Mattfield*, 133 P.3d 667, 674 n.7 (Alaska 2006) (late-filed appeal accepted "given the brief period of delay, the general confusion surrounding the proceedings on reconsideration, the uncertainty that might have arisen because the order . . . was not expressly identified as a final judgment, and the lack of any discernible prejudice").

[23] 252 P.3d 1020, 1027 (Alaska 2011) ("We . . . clarify that where the superior court acts as an intermediate appellate court, under Appellate Rule 507(a) its opinion or decision on appeal is the 'judgment' to which Appellate Rule 204(a)(1) refers" for purposes of commencing the time for appeal.).

immediately filed both a motion requesting a final judgment in the superior court and a notice of appeal in this court. Given the element of confusion in the law, the various efforts, albeit faulty, of Conitz's counsel to preserve his client's appellate rights, and the lack of prejudice to the appellees, we exercise our discretion under Appellate Rule 521 to relax the rules and hear Conitz's appeal on its merits.[24]

## B. Conitz's Appeal Is Moot Because Further Pursuit Of His Claims On Remand Would Be Barred By Res Judicata.

The superior court dismissed Conitz's appeal as moot, finding that the decisions in the federal cases barred him from litigating his claims any further. The doctrine of res judicata precludes a party from relitigating "a cause of action that has already been litigated and decided."[25] The elements necessary to the doctrine's application are "(1) a final judgment on the merits, (2) from a court of competent jurisdiction, (3) in a dispute between the same parties (or their privies) about the same cause of action."[26] Conitz pursued claims in federal court alleging that Teck had discriminated against him in 2007 and 2008 by twice failing to promote him to mine

---

[24] The appellees argue that Conitz's first improper attempt to appeal, when he filed a notice of appeal in the superior court in April 2011, demonstrated that he was not truly awaiting a final judgment from the superior court and that his further delay was willful. Conitz's counsel later asserted in correspondence with the superior court clerk that he believed this initial appeal to have been premature. We resolve the issue in favor of deciding the appeal on its merits.

[25] *Smith v. CSK Auto, Inc.*, 132 P.3d 818, 820-21 (Alaska 2006) (citing *Alderman v. Iditarod Props., Inc.*, 104 P.3d 136, 141 (Alaska 2004)).

[26] *Angleton v. Cox*, 238 P.3d 610, 614 (Alaska 2010) (citing *Smith*, 132 P.3d at 820); *see also Alaska Pub. Interest Research Grp. v. State*, 167 P.3d 27, 44 (Alaska 2007) ("[T]he principles of res judicata and collateral estoppel apply in administrative proceedings.").

operations supervisor, claims he also pursued before the Commission. The federal district court entered final judgment on the merits of these claims and the Ninth Circuit affirmed its judgment on appeal.[27] The federal court was a court of competent jurisdiction.[28] Thus the superior court was correct in deciding that Conitz's claims, having once been decided against him, would be barred by res judicata in any subsequent proceeding.[29]

A claim is moot if the party pursuing it would not be entitled to relief even if he prevails.[30] Had Conitz persuaded the superior court that the Commission erred in its determination of his claims, a remand to the Commission would have been pointless, as res judicata would have prevented the Commission from pursuing Contiz's individual claims in an adjudicatory proceeding.[31] The superior court correctly decided that

---

[27] *Conitz v. Teck Cominco Alaska Inc.*, No. 4:09-cv-0020-RRB, slip op. at 13 (D. Alaska Jan. 20, 2010); *Conitz v. Teck Alaska Inc.*, 433 F. App'x 580, 581 (9th Cir. 2011). *See Patterson v. Infinity Ins. Co.*, 303 P.3d 483, 497 (Alaska 2013) ("A dismissal based on summary judgment constitutes a final judgment on the merits.").

[28] *See, e.g.*, *Smith*, 132 P.3d at 820 ("There is no question that the federal court is a court of competent jurisdiction.").

[29] The doctrine of res judicata applies in administrative proceedings. *See Robertson v. Am. Mech., Inc.*, 54 P.3d 777, 780 (Alaska 2002) (holding that employee's amended claim before workers' compensation board was barred by res judicata).

[30] *Fairbanks Fire Fighters Ass'n, Local 1324 v. City of Fairbanks*, 48 P.3d 1165, 1167 (Alaska 2002) (citing *Gerstein v. Axtell*, 960 P.2d 599, 601 (Alaska 1998)).

[31] We are not presented in this case with the issue of whether an adverse decision in an employee's individual discrimination suit would have any res judicata effect on the Commission's ability to pursue public-interest litigation against the same employer in the exercise of its broad statutory mandate to "eliminate and prevent
(continued...)

Conitz's appeal from the Commission's determination of his claims was therefore moot.

Conitz argues unconvincingly that the elements of res judicata are not met here. He contends first that there would be no identity of parties between his second federal suit and a proceeding before the Commission on remand. He necessarily concedes that he and Teck were the parties in his second federal suit,[32] but he contends that there were different parties before the Commission, one of which is the Commission itself, "effectively [acting as] the judge and the prosecutor." But the Commission identifies the parties to its proceedings as Conitz, "complainant," and Teck, "respondent." We have previously referred to the complainant in the Commission's complaint process as "the real party in interest."[33] And even if Conitz were not a party himself to the Commission proceeding, we would still find that he was in privity with the Commission at least for purposes of its later pursuit of the claims, seeking individual relief, that he had already lost once. "Privity 'is a shorthand way of expressing assurance that the non-party has had adequate notice and opportunity to be heard, and that its rights

---

[31]    (...continued)
discrimination in employment," *see* AS 18.80.200(b). *See, e.g.*, *E.E.O.C. v. Jefferson Dental Clinics, PA*, 478 F.3d 690, 696-99 (5th Cir. 2007) (holding that E.E.O.C. is not in privity with losing individual litigants when it seeks injunctive and other equitable relief in pursuit of its mandate to eliminate workplace discrimination but is in privity with those litigants for purposes of recovering "make-whole" or "victim-specific" relief for their benefit.)

[32]    *See Conitz v. Teck Alaska Inc.*, 433 F. App'x 580, 581 (9th Cir. 2011).

[33]    *Alaska State Comm'n for Human Rights v. Yellow Cab*, 611 P.2d 487, 488 (Alaska 1980).

and interests have been protected.' "[34] Alaska follows the Restatement rule that privity exists when a party to a suit represents a non-party.[35] In its list of such representatives the Restatement includes "[a]n official or agency invested by law with authority to represent the person's interests."[36] Conitz admits that during the initial investigation of his claim, the Commission had "an alignment with Conitz and essentially [was] his representative" (though he asserts that on remand the Commission would be "aligned with Teck" now that it has decided against pursuing his claim).

In *Beegan v. State, Department of Transportation & Public Facilities*, we held that a complainant could not be barred by res judicata from pursuing a claim that *could* have been, but was not, raised in an earlier Commission investigation because he lacked control over the Commission process.[37] But the situation here is the reverse: whereas the complainant in *Beegan* lacked the "full and fair opportunity to litigate his claims" that res judicata requires of the first case to reach final judgment (because the first case was the Commission investigation which the complainant did not control),[38] here the first case to reach final judgment was the federal lawsuit, which Conitz *did*

---

[34]    *Stewart v. Elliott*, 239 P.3d 1236, 1241 (Alaska 2010) (quoting *Alaska Foods, Inc. v. Nichiro Gyogyo Kaisha, Ltd.*, 768 P.2d 117, 121 (Alaska 1989)).

[35]    *See id.* (quoting *Powers v. United Servs. Auto. Ass'n*, 6 P.3d 294, 298 (Alaska 2000); RESTATEMENT (SECOND) OF JUDGMENTS § 41(1)(d) (1982)).

[36]    RESTATEMENT (SECOND) OF JUDGMENTS § 41 cmt. d.

[37]    195 P.3d 134, 139 (Alaska 2008).

[38]    *Id.* (quoting *Sengupta v. Univ. of Alaska*, 21 P.3d 1240, 1253 (Alaska 2001) (internal quotation marks omitted).

control and in which he clearly had a "full and fair opportunity to litigate his claims." A litigant is entitled to one such "full and fair opportunity," not two.[39]

Conitz also argues that the application of res judicata here is foreclosed by comment o to the Restatement (Second) of Judgments § 27.[40] But this section of the Restatement describes issue preclusion, not claim preclusion (res judicata).[41] The comment discusses how to decide if a trial court's determination of an actually litigated issue is conclusive after an appeal;[42] but it is not a requirement of res judicata that an issue was actually litigated, only that there was an opportunity to litigate it.[43] The same analysis disposes of Conitz's added claim that there was no identity of issues between the federal lawsuits and the Commission proceedings because the federal court did not decide his state law claims. This is incorrect — Conitz alleged both state and federal

---

[39] *See Stewart*, 239 P.3d at 1241 ("In the past we have found privity only where the relationship allowed significant and unhampered control over the *earlier* litigation.") (emphasis added).

[40] Conitz supports his argument with a citation to "Comment O of the Restatement of the Judgments," without specifying an edition or a section of the Restatement. Because he also cites to the federal district court's decision, which refers to comment o to § 27 of the RESTATEMENT (SECOND) OF JUDGMENTS, we assume this is the section to which he refers.

[41] RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982).

[42] *Id.* at cmt. o.

[43] *See Patterson v. Infinity Ins. Co.*, 303 P.3d 493, 497 (Alaska 2013) ("[A] fundamental tenet of the res judicata doctrine is that it precludes relitigation between the same parties not only of claims that were raised in the initial proceeding, but also of those relevant claims that could have been raised then." (alteration in the original)) (quoting *Calhoun v. Greening*, 636 P.2d 69, 72 (Alaska 1981)) (internal quotation marks omitted)).

claims and the federal courts dismissed them all — but it is also irrelevant; identity of issues, like actual litigation of the claims, is an element of issue preclusion but not res judicata.[44]

Finally, Conitz argues that he had no opportunity to address the issue of res judicata in the superior court because the judge raised it sua sponte. This is again incorrect. Teck filed a motion in the superior court arguing that Conitz's appeal was now "barred by the doctrine of res judicata" after the federal court had rejected Conitz's claims. Conitz filed an opposition, arguing cursorily that preclusion doctrines did not apply. The issue of res judicata was raised by Teck, briefed by both parties, and correctly decided by the superior court.

C.     **Conitz's Broad Civil Rights And Public Policy Arguments Fail.**

Conitz asks this court to rule on the legality of Teck's shareholder preference even though the superior court did not, arguing that regardless of the policy's application to his own personal circumstances, its mere existence is a civil rights violation that demands our attention. But we "do not lightly issue advisory opinions,"[45] and it is not our place to make a finding of discrimination in the first instance.[46]

Conitz also argues that we are required by AS 44.62.570(g) to rule on the legality of Teck's shareholder preference. The cited statute provides that a stay should

---

[44]     *See id.*

[45]     *Larson v. State*, 254 P.3d 1073, 1078 (Alaska 2011) (citing *State v. ACLU of Alaska*, 204 P.3d 364, 368-69 (Alaska 2009)).

[46]     *See State, Dep't of Fish & Game, Sport Fish Div. v. Meyer*, 906 P.2d 1365, 1377 (Alaska 1995) (holding that the existence of discrimination is a factual question that cannot be resolved without a hearing), *superseded by statute*, AS 18.80.112(b).

not be imposed if "it is against the public interest." There is no stay at issue here. Conitz may be arguing that the public interest exception to the mootness doctrine applies. We have recognized an exception to the mootness doctrine where a matter of grave public concern would otherwise evade review.[47] But we have never applied the public interest exception in order to allow relitigation of a private employment dispute that was already decided and reviewed on appeal elsewhere, and we decline to do so here.[48]

## V.  CONCLUSION

We AFFIRM the decision of the superior court.

---

[47]  *Doe v. State*, 487 P.2d 47, 53 (Alaska 1971).

[48]  The remaining issue that Conitz raises — whether he was entitled to an adversarial hearing before the Commission — is mooted by our decision of the other issues.

# In the Supreme Court of the State of Alaska

Gregg Conitz, )
                                                 )     Supreme Court No. **S-14357**
              Appellant, )
                 v. )                      **Order**
                                                 )     Petition for Rehearing
Alaska State Commission for )
Human Rights, et al., )
                                                 )
                 Appellee. )     Date of Order: **3/07/2014**

Trial Court Case # **3AN-09-10085CI**

Before:    Fabe, Chief Justice, Winfree, Stowers, Maassen and Bolger, Justices

On consideration of the Petition for Rehearing filed on **9/20/2013**,

**IT IS ORDERED**:

1.      The Petition for Rehearing is **GRANTED**.

2.      Opinion No. 6830, issued on September 20, 2013, is **WITHDRAWN**.

3.      Opinion No. 6871, is issued on this date in its place.

The revised opinion changes two sentences at pages 11-12, as noted below (added language in bold), and adds a new footnote 31.

> Had Conitz persuaded the superior court that the Commission erred in its determination of his claim, a remand to the Commission would have been pointless, as res judicata would have prevented the Commission from pursuing Conitz's **individual** claims in an adjudicatory proceeding.

> And even if Conitz were not a party himself to the Commission proceeding, we would still find that he was in privity with the commission **at least** for purposes of its later pursuit of the claims, **seeking individual relief, that** he had already lost once.

*Conitz v. Alaska State Comm'n for Human Rights, et al.*
No. S-14357
Supreme Court Order March 7, 2014
Page 2


Entered by direction of the court.


Clerk of the Appellate Courts


/s/

_____

Marilyn May


cc:     Supreme Court Justices
        Judge Volland
        Trial Court Appeals Clerk
        Publishers

Distribution:

        Kenneth L Covell
        Attorney At Law
        712 8th Ave
        Fairbanks AK 99701

        Sean Halloran
        Littler Mendelson PC
        310 K St Ste 400
        Anchorage AK 99501

        William Milks
        Attorney General's Office
        PO Box 110300
        Juneau AK 998110300

        Thomas M Daniel
        Perkins Coie
        1029 W 3rd Ave Ste 300
        Anchorage AK 99501