NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 15 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| DAVID E. OLSON and ABSOLUTE ENVIRONMENTAL SERVICES, INC., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> MARK O'BRIEN; et al., <br><br> Defendants-Appellees. | No. 14-35795 <br><br> D.C. No. 3:11-cv-00245-JWS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted August 3, 2016
Anchorage, Alaska

Before: FISHER, PAEZ, and HURWITZ, Circuit Judges.

Plaintiffs David E. Olson and Absolute Environmental Services, Inc.

("Plaintiffs") appeal the dismissal of their claims against Mark O'Brien, James

Cantor, and Richard Welsh on res judicata grounds. We reverse and remand for

further proceedings.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**1.**     In evaluating whether res judicata bars litigation in federal court after related state court litigation, we "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). In Alaska, "[t]he elements necessary to the doctrine's application are (1) a final judgment on the merits, (2) from a court of competent jurisdiction, (3) in a dispute between the same parties (or their privies) about the same cause of action." *Conitz v. Alaska State Comm'n for Human Rights*, 325 P.3d 501, 507 (Alaska 2014) (internal quotation marks omitted). In addition, res judicata does not apply where the party against whom it is asserted "lacked [a] 'full and fair opportunity to litigate his claims.'" *Id.* at 508 (quoting *Beegan v. State, Dep't of Transp. & Pub. Facilities*, 195 P.3d 134, 139 (Alaska 2008)).

Plaintiffs did not have a full and fair opportunity to litigate their claims in the prior state court proceeding. The prior proceeding was an administrative appeal of a construction contract dispute. Alaska Stat. § 36.30.627; Alaska R. App. P. 609(b). Although the superior court held a limited trial de novo to investigate alleged improprieties in the decision-making process of the Department of Transportation and Public Facilities ("DOTPF"), the scope of the court's inquiry was limited to reviewing the decision of the DOTPF to deny additional

2

compensation under the contract. Plaintiffs could have brought their additional damages claims in a separate suit; we are not persuaded, however, they would have had a full and fair opportunity to litigate those claims within their administrative appeal. *See Balough v. Fairbanks North Star Borough*, 995 P.2d 245, 256 (Alaska 2000) (holding that the superior court did not abuse its discretion in bifurcating a litigant's claims into an administrative appeal and a separate § 1983 claim); *see also J & S Servs., Inc. v. Tomter*, 139 P.3d 544, 548-49 (Alaska 2006) (holding that an unsuccessful bidder for a state contract was permitted to file a claim against agency officials separate from its administrative appeal, but not discussing res judicata). Thus, the district court erred in dismissing Plaintiffs' claims on res judicata grounds.

**2.** Defendants argue, in the alternative, that collateral estoppel bars Plaintiffs' claims. Because the district court dismissed the case on res judicata grounds, it did not reach this issue. We therefore remand for the district court to determine in the first instance whether some or all of Plaintiffs' claims are barred by collateral estoppel.

**REVERSED and REMANDED.**