NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| KELLY D., | ) | |
| | ) | Supreme Court No. S-16576 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-10-11927 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| ANTHONY K., | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 1693 – August 29, 2018 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Patrick J. McKay, Judge.

Appearances: Kelly D., pro se, Eagle River, Appellant. Andrew J. Fierro, Law Office of Andrew J. Fierro, Anchorage, for Appellee.**

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

## I.  INTRODUCTION

A mother appeals from an order denying a modification of custody. She argues that the superior court should have treated her motion for interim custody not as a motion to modify but rather as a motion for relief from an earlier judgment under Alaska Civil Rule 60(b). She failed to properly bring a Rule 60(b) motion in the superior

---

\*       Entered under Alaska Appellate Rule 214.

\*\*      Anthony did not file an appellee's brief.

court, however, and the issue is therefore not preserved for appeal. All her other challenges are to earlier judgments and final orders she did not timely appeal; we decline to hear the untimely challenges. We therefore affirm the judgment of the superior court.

## II. FACTS AND PROCEEDINGS

Kelly D. and Anthony K. began dating in 2006, were married in 2007, and had a daughter in October 2008. They separated in 2010, and in November of that year they filed a joint petition for dissolution, which was granted in June 2011.

The decree awarded joint legal and physical custody of the parties' daughter on an alternating weekly schedule. The court modified custody in 2013 to provide Kelly with custody on weekdays during the school year and Anthony with custody on weekends, with an alternating weekly schedule during the summer. This order remained in place until 2016.

In February 2016 Anthony filed a motion for interim custody and a motion to modify custody. The court held an evidentiary hearing in May and placed its decision on the record in June, granting Anthony's motion to modify. The court concluded that a substantial change of circumstances had occurred and that the child's best interests weighed in favor of granting Anthony's motion. The court awarded Anthony sole legal and primary physical custody during the school year, gave Kelly physical custody on alternate weekends, and continued the existing summer and holiday schedule.

The court ordered Anthony to submit proposed findings of fact and conclusions of law, and it issued Anthony's proposed findings and conclusions, slightly modified, on August 2, 2016. It supplemented these findings and conclusions on August 31, issuing a modified child support order at the same time.

On August 16, 2016, Kelly filed a motion entitled "Motion For Interim Custody," asking the court to either reconsider its decision or to "determine if a new motion to modify custody is required based on a number of substantial changes of

circumstances that have taken place." The parties and the court discussed this motion at several later hearings, then had an evidentiary hearing on January 3, 2017, on the issue of whether a modification of custody was warranted. The court ultimately denied Kelly's motion, concluding that there had been no substantial change in circumstances.

Kelly filed a timely petition for review of this decision, and we converted her petition to an appeal.

## III. STANDARD OF REVIEW

"We consider whether an order of the superior court is appealable de novo."[1] "Whether an appeal is timely is a question of law."[2] "On questions of law, our duty is to adopt the rule of law which is most persuasive in light of precedent, reason, and policy."[3]

## IV. DISCUSSION

### A. Kelly's Appeal From The 2016 Custody And Child Support Orders And Earlier Orders Denying Domestic Violence Petitions Is Untimely.

Kelly challenges the August 2016 custody orders on a number of grounds: (1) that she lacked adequate notice that the May 2016 evidentiary hearing would be a final custody hearing; (2) that the court overlooked or misconstrued evidence of problems in Anthony's household, his failures as a parent, police involvement at Kelly's home, Kelly's mental health, domestic violence perpetrated by Anthony, and the harm likely to result from the daughter's separation from her siblings; and (3) that the court modified child support without proper notice, made it improperly retroactive, and failed

---

[1]     *In re Hospitalization of Daniel G.*, 320 P.3d 262, 265 (Alaska 2014).

[2]     *Griswold v. City of Homer*, 252 P.3d 1020, 1025 (Alaska 2011).

[3]     *Compton v. Chatanika Gold Camp Props.*, 988 P.2d 598, 601 (Alaska 1999) (quoting *Grove v. Alaska Constr. & Erectors*, 948 P.2d 454, 456 (Alaska 1997)).

to consider whether Kelly was entitled to relief from a child support obligation because of mental incapacity.  Kelly also challenges the superior court's failure to treat her August 2016 motion for interim custody as a motion for relief from judgment under Alaska Civil Rule 60(b).  Finally, Kelly alleges that the trial court "exhibited actual bias" toward her in hearings on her petitions for domestic violence restraining orders; the discussion of this issue in her brief addresses a September 2013 hearing, a May 2015 petition, and an October 2016 hearing.

Kelly did not timely appeal any of the 2016 custody orders or the denials of her domestic violence petitions, but only the superior court's January 3, 2017 order denying Kelly's motion for interim custody.  Kelly asserts that the 2017 order was the "final ruling for all issues pending" and allows her to attack earlier custody and domestic violence orders she failed to appeal.  We conclude, however, that Kelly's appeal is untimely except with respect to the January 2017 order denying her motion for interim custody.

The superior court's August 2, 2016 order modifying custody included an order that the parties "submit their proposed supplemental findings — as a proposed order — within 10 days."  On August 31 the court entered its supplemental findings of fact and conclusions of law.  At that point no issues remained to be decided,[4] and Kelly had a right to appeal.[5]

---

[4]     *See Greater Anchorage Area Borough v. City of Anchorage*, 504 P.2d 1027, 1030-31 & n.12 (Alaska 1972), *overruled in part by City & Borough of Juneau v. Thibodeau*, 595 P.2d 626, 629 (Alaska 1979) (holding that a final judgment is one which "disposes of the entire case, . . . ends the litigation on the merits[,] and leaves nothing for the court to do but execute the judgment" (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1944))).

[5]     *See, e.g., Judd v. Burns*, 397 P.3d 331, 335 (Alaska 2017) (reviewing order
(continued...)

In the meantime, Kelly had filed her motion for interim custody on August 16. Had this been a motion for reconsideration of the court's August 2 order (which the court had left open for supplementation), it would have been deemed denied when the court failed to act on it within 30 days.[6] But the court viewed it appropriately as another motion to modify custody, and at an October hearing on a domestic violence petition it scheduled an evidentiary hearing on the motion.[7] The new hearing on modification occurred in January 2017. By that time the August 2016 custody order had been in effect for over four months.

Alaska Appellate Rule 218(a) and (d) require notice of "appeals from final judgments for custody of children" to be filed "within 15 days after" distribution of the judgment. An untimely appeal may be dismissed;[8] however, "[Alaska] Appellate Rule 521 allows us to relax the rules 'where a strict adherence to them will work surprise or injustice.' "[9] "When deciding whether to allow a late-filed appeal we must 'balance the right to appellate review, the willfulness and extent of the rules violation, and the

---

**5** (...continued)
granting motion to modify custody); *C.R.B. v. C.C.*, 959 P.2d 375, 378 (Alaska 1998) (reviewing order denying motion to modify custody). The grant or denial of a petition for a long-term domestic violence protective order is also a final, appealable order. *See, e.g.*, *Cooper v. Cooper*, 144 P.3d 451, 454 (Alaska 2006).

**6** *See* Alaska R. Civ. P. 77(k)(4).

**7** "A custody modification motion is not a new action, but rather a request to reopen the final judgment in the same case." *McAlpine v. Pacarro*, 262 P.3d 622, 625-26 (Alaska 2011).

**8** *See Griswold v. City of Homer*, 252 P.3d 1020, 1027 (Alaska 2011).

**9** *Conitz v. Alaska State Comm'n for Human Rights*, 325 P.3d 501, 506 (Alaska 2014) (quoting Alaska R. App. P. 521).

possible injustice that might result from dismissal.' "[10] We are likely to be more lenient with self-represented litigants who have "made a good-faith effort to appeal by the deadline."[11]

We have repeatedly recognized, however, "that finality and certainty in custody matters are critical to the child's emotional welfare."[12] We have a "deep reluctance to shuttle children back and forth between parents."[13] It is for this reason that, rather than engaging in "continual relitigation of custody decisions," parents seeking modification of existing custody orders must demonstrate that there has been a substantial change in circumstances before the court will reweigh a child's best interests.[14]

Here, Kelly exercised her right to seek a modification of the August 2016 order by immediately moving for interim custody; the court considered her motion on the new evidence presented at the January 2017 hearing. In light of the length of Kelly's delay in seeking appellate review of the August 2016 orders, the importance of finality in the child-custody context, and Kelly's continuing opportunity to seek modification of custody — an opportunity she has already exercised — we conclude that there is no injustice if we decline to hear Kelly's untimely appeal from the August orders.

---

[10]     *Id.* (quoting *Cook v. Aurora Motors, Inc.*, 503 P.2d 1046, 1049 (Alaska 1972)).

[11]     *Griswold*, 252 P.3d at 1027 (quoting *In re Adoption of Erin G.*, 140 P.3d 886, 889 (Alaska 2006)).

[12]     *Collier v. Harris*, 261 P.3d 397, 403 (Alaska 2011) (quoting *Peterson v. Swarthout*, 214 P.3d 332, 341 (Alaska 2009)).

[13]     *C.R.B. v. C.C.*, 959 P.2d 375, 381 (Alaska 1998).

[14]     *Collier*, 261 P.3d at 403 (quoting *Peterson*, 214 P.3d at 341).

**B.    The Superior Court Did Not Err By Failing To Treat Kelly's Motion For Interim Custody As A Motion For Rule 60(b) Relief.**

Although Kelly's appeal is timely only with regard to the January 3, 2017 order denying modification of custody, her brief barely touches on that order. First, she contends that the court made findings at the January 3 hearing that contradict its 2016 decision on custody. She asserts that the court "no longer believed" that Anthony "was going to be willing to allow an[] open and loving relationship between" Kelly and their daughter. But the court had found, in its June 2016 decision on the record, that neither parent was successfully allowing the other to have an open and loving relationship with their daughter. We see no inconsistency.

Kelly also contends that the court found at the January 3 hearing that Anthony had committed custodial interference, which is a crime of domestic violence, and that this calls into question the court's earlier finding that primary custody with Anthony was in the child's best interests. But the court merely reiterated an earlier finding that Anthony had committed one willful violation of the custody order; the court had also found that this one willful act did not constitute a crime of domestic violence. Although we have repeatedly held that a pattern of interference with the other parent's visitation rights may constitute a substantial change in circumstances,[15] there was no such finding here.

---

[15]    *Id.* at 406 ("[A]lleged violations of court custody orders do not necessarily constitute grounds for modification, although they certainly can if the violations are continuous, repetitious, or egregious." (footnote omitted)); *Kelly v. Joseph*, 46 P.3d 1014, 1017 (Alaska 2002) ("We have previously held that '[a]ctions by a custodial parent which substantially interfere with the noncustodial parent's visitation rights "[are] sufficient to constitute a change [in circumstances].'' ' " (alterations in original) (quoting *Hermosillo v. Hermosillo*, 797 P.2d 1206, 1209 (Alaska 1990))).

Finally, Kelly contends that the superior court erred by treating her motion for interim custody as a motion for modification — with the attendant requirement that she show a substantial change of circumstances — rather than as a motion for relief from judgment under Rule 60(b), seeking to set aside the August 2016 custody order. On appeal she appears to argue that she was entitled to relief under the "other misconduct" subsection of the rule.[16] But her motion, entitled "Motion For Interim Custody," explicitly asked the court to "determine if a new motion to modify custody is required based on a number of substantial changes of circumstances that have taken place since the court[']s oral decision to modify custody in June of this year or if the court can incorporate these post-trial incidents and reconsider its decision on [Anthony's] 2/17/16 motion to modify." At the October hearing on her domestic violence petition, Kelly asked to put a Rule 60(b)(3) motion on record; the court responded that it would consider her motion if she put it in writing. She did not do so. In subsequent hearings the court advised Kelly — repeatedly — that it would schedule an evidentiary hearing on her motion at which she would have the opportunity to prove a substantial change in circumstances. The January 2017 hearing clearly proceeded on that basis. Kelly failed to preserve an argument that the court should have proceeded instead as though she had moved for relief under Rule 60(b), and we therefore will not consider that argument further.[17]

---

[16] Rule 60(b)(3) allows the court to relieve a party from a final judgment on grounds of "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Kelly also cites Rule 60(b)(6) in her brief, but she fails to explain how that provision — never raised in the superior court — would entitle her to relief.

[17] *See Harvey v. Cook*, 172 P.3d 794, 802 (Alaska 2007) ("[I]ssues not properly raised in the trial court will not ordinarily be considered on appeal.").

## V.    CONCLUSION

The judgment of the superior court is AFFIRMED.