NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| RAYMOND C. KATCHATAG, ) | Supreme Court No. S-17583 |
| ) | |
| Appellant, ) | |
| ) | Superior Court No. 3AN-19-07784 CI |
| v. ) | |
| ) | MEMORANDUM OPINION |
| STATE OF ALASKA, DEPARTMENT ) | AND JUDGMENT* |
| OF CORRECTIONS, ) | |
| ) | No. 1841 – August 4, 2021 |
| Appellee. ) | |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, William F. Morse, Judge.

Appearances: Raymond C. Katchatag, pro se, Seward, Appellant. Andalyn Pace, Assistant Attorney General, Anchorage, and Kevin G. Clarkson, Attorney General, Juneau, for Appellee.

Before: Bolger, Chief Justice, Winfree, Maassen, and Carney, Justices. [Borghesan, Justice, not participating.]

## I. INTRODUCTION

A prisoner appealed to the superior court from a prison disciplinary decision well over a year after the deadline for a superior court appeal. The court denied the prisoner's motion to accept the late-filed appeal. Because the court did not abuse its discretion, we affirm its decision.

---

\* Entered under Alaska Appellate Rule 214.

## II. FACTS AND PROCEEDINGS

In December 2017 a nurse reported that Raymond Katchatag, a prisoner at Spring Creek Correctional Center, exposed himself to her as she was about to enter his cell. In February 2018, following a hearing, the hearing officer determined that Katchatag had committed a "low moderate infraction" and assigned him seven days of punitive segregation. Katchatag appealed the decision to the prison superintendent. The superintendent denied the appeal, concluding that the hearing officer's decision was supported by the evidence and that the sentence was justified given Katchatag's "history of victimizing female correctional staff in this perverse manner." Katchatag received the superintendent's denial on March 1, 2018.

On June 4, 2019 — over 15 months later — Katchatag filed an appeal with the superior court, along with a motion asking the court to accept the late-filed appeal. The motion did not explain why the appeal was late, stating only that the Department of Corrections had "violated [Katchatag's] constitutional rights with this disciplinary infraction and its commencement of procedure," amounting to a "manifest of injustice" for purposes of Alaska Appellate Rule 521 (the rule allowing the relaxation of the appellate rules "where a strict adherence to them will work surprise or injustice"). The Department, in opposition, pointed out that the appeal was over a year late and argued that Katchatag offered "no justification to abrogate rules applied to every other prisoner who appeals a [Department] disciplinary decision." The superior court denied Katchatag's motion to accept his late-filed appeal "[f]or the reasons set forth in the [Department's] [o]pposition."

Katchatag appeals to us.

## III. STANDARD OF REVIEW

"We review for abuse of discretion a superior court's decision to grant or deny an extension of time. A court abuses its discretion if it issues a decision that is

'arbitrary, capricious, manifestly unreasonable, or . . . stems from an improper motive.' "[1]

## IV.  DISCUSSION

### The Superior Court Did Not Abuse Its Discretion By Denying Katchatag's Motion To Accept His Late-Filed Appeal.

Katchatag filed his superior court appeal 460 days after he received the superintendent's decision, more than a year past Alaska Appellate Rule 602(a)(2)'s 30-day deadline.[2]  Katchatag offers no justification for his delay, arguing only that "Appellate Rule 521 . . . allows [him] to file late" because the Department violated his constitutional rights, causing a "manifest injustice" that requires the courts to relax its usual deadlines.

"Appellate Rule 521 provides that the Rules of Appellate Procedure, including Rule 602(a)(2), 'may be relaxed or dispensed with by the appellate courts where a strict adherence to them will work surprise or injustice.' "[3]  But there is no legal basis for Katchatag's contention that filing deadlines *must* be relaxed or dispensed with whenever the appellant alleges a constitutional violation, regardless of how long the appellant has waited to file the appeal and regardless of whether the appellant has a reasonable excuse for delay.  We have excused late appeals in the past because of

---

[1] *Shea v. State, Dep't of Admin., Div. of Ret. & Benefits*, 204 P.3d 1023, 1026 (Alaska 2009) (alteration in original) (internal citations omitted) (quoting *Dobrova v. State, Dep't of Revenue, Child Support Servs. Div.*, 171 P.3d 152, 156 (Alaska 2007)).

[2] Alaska App. R. 602(a)(2) ("An appeal may be taken to the superior court from an administrative agency within 30 days from the date that the decision appealed from is mailed or otherwise distributed to the appellant.").

[3] *Manning v. Alaska R.R. Corp.*, 853 P.2d 1120, 1123 (Alaska 1993) (quoting Alaska App. R. 521).

appellants' reasonable confusion about deadlines,[4] but Katchatag provided no such justification here.  Because his appeal was well beyond the time allowed and he gave the superior court no reason to believe the delay was justified, the court did not abuse its discretion by denying the motion to accept the late-filed appeal.[5]

## V.    CONCLUSION

We AFFIRM the superior court's denial of Katchatag's motion to accept his late-filed appeal.

---

[4]    *See Conitz v. Alaska State Comm'n for Human Rights*, 325 P.3d 501, 506 (Alaska 2014).

[5]    Katchatag makes cursory mention of 42 U.S.C. § 1983 as "supersed[ing]" a state's filing deadlines.  The dismissal of Katchatag's appeal does not preclude him from bringing a separate § 1983 claim based on alleged violations of his civil rights, but he makes no such claim here.  The single issue before us is whether the superior court abused its discretion by dismissing the administrative appeal.