CH KELLY TRUST; Charles W. Coe;
and Carolyn M. Coe; Appellants,

v.

MUNICIPALITY OF ANCHORAGE,
BOARD OF EQUALIZATION,
Appellee.

No. S–6237.

Supreme Court of Alaska.

Jan. 26, 1996.

Charles W. Coe, Anchorage, for Appellants.

George M. Newsham, Assistant Municipal Attorney, and Ann Waller Resch, Acting Municipal Attorney, for Appellee.

Before MOORE, C.J., RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

*OPINION*

EASTAUGH, Justice.

Property owners argue that the superior court erred in affirming a denial of their property tax appraisal appeal.

The property owners purchased four vacant residential lots in one subdivision at a Federal Deposit Insurance Corporation (FDIC) land liquidation auction in 1991. They paid $7,200 per lot. Seven months later the Municipality of Anchorage appraised the four lots at substantially higher values.[1] The property owners appealed the appraisals to the Municipality's Board of Equalization (Board), which affirmed. The superior court affirmed the Board's decision.

The property owners argue here that the municipal appraiser erroneously failed to consider the FDIC auction purchase prices paid for these properties, and also failed to adjust for topography and groundwater problems. The property owners also argue that the Board impermissibly shifted the burden of proof to them to show property value.

---

1. The Municipality appraised two lots at $18,400, one at $22,500, and one at $30,400. The ap-

praisals did not consider the auction prices.

We give no deference to the decision of the superior court because it acted as an intermediate court of appeal. *Handley v. State, Dep't of Revenue,* 838 P.2d 1231, 1233 (Alaska 1992). Because the Board's decision involves questions of fact and law that involve agency expertise, we will apply a reasonable basis standard of review. *North Star Alaska Housing Corp. v. Fairbanks N. Star Borough Bd. of Equalization,* 778 P.2d 1140, 1144 n. 7 (Alaska 1989). This court has specifically held that taxing authorities are to be given broad discretion in selecting valuation methods, and we are *"concerned with nothing less than fraud or the clear adoption of a fundamentally wrong principle of valuation." Id.* at 1143–44 (quoting *Twentieth Century Inv. Co. v. City of Juneau,* 359 P.2d 783, 788 (Alaska 1961) (emphasis added)).

The 1992 appraisals of the four lots adopted "a fundamentally wrong principle of valuation" because they did not consider the 1991 subject sales. The objective of an appraisal is the determination of the property's market value.[2] By failing to consider recent sales of the subject property the Municipality ignored directly relevant, albeit not conclusive, evidence of value.

To arrive at a reliable indication of value, appraisers must evaluate a whole range of factors that influence value. *See* American Institute of Real Estate Appraisers, *The Appraisal of Real Estate* 167, 370 (10th ed. 1992). An important part of this evaluation is an analysis of the motivations of the buyers and sellers of the properties utilized as sales comparables. *Id.* at 405 ("An adjustment for conditions of sale is used to reflect the motivations of buyers or sellers in sales that are not arm's-length transactions due to duress or special relationships. Such an adjustment may also be required in transactions influenced by unusual tax considerations or a lack of market exposure.").

Thorough analysis of the subject sales might well indicate that the auction prices paid did not represent true market value, but the appraiser's total failure even to consider the subject properties' prior sales was arbitrary. Consequently, we reverse the superior court's decision and remand to the Board with instructions to order new appraisals that consider the 1991 auction sales.

We caution that if FDIC was concerned primarily or solely with recouping specific losses or liquidating its stock of properties rather than with receiving full market value,[3] then these auction sales would not necessarily indicate "prevailing market conditions." AS 29.45.110(a), *supra* note 2.

Because we find that the Municipality did consider topography and groundwater and adjusted for their effect on value, we affirm the superior court's decision with respect to those claims of error.

Finally, we hold that the Board did not improperly shift the burden of proof to the appellants, as the burden is properly placed on the property owners in an assessment challenge. AS 29.45.210(b); AMC 12.05.050(F)(4) (1994).[4]

---

2. Anchorage Municipal Code (AMC) 12.15.030(A) (1995) dictates that "assessor[s] shall assess real property at its full and true value." This value is defined by AS 29.45.110(a):

> The full and true value is the estimated price that the property would bring in an open market and under the then prevailing market conditions in a sale between a willing seller and a willing buyer both conversant with the property and with prevailing general price levels.

3. We note that the parties' arguments regarding the procedures and practices of the FDIC are either unsupported or supported only by their own testimony. For example, there is no evidence in the record to support the property owners' contention that FDIC sets minimum bids; on the contrary, the written terms and conditions of FDIC Public Real Estate Auctions state that "[a]ll properties ... are being offered *at no minimum starting bid;* however [FDIC] reserves the right to accept or reject any and all bids." (Emphasis added.) This reservation of the right to reject bids does not support the property owners' contention that FDIC has determined fair market value and will only sell for that amount; it merely indicates that FDIC *may* make a decision not to accept some bids. Additionally, the property owners' quotation of the FDIC definition of market value does not prove that FDIC only sells properties for market value at auction sales.

4. AS 29.45.210(b) states:

> The appellant bears the burden of proof. The only grounds for adjustment of assessment are proof of unequal, excessive, improper, or under valuation based on facts that are stated in a valid written appeal or proven at the appeal

We REVERSE the decision of the superior court and REMAND for further proceedings consistent with this opinion.

hearing. If a valuation is found to be too low, the board of equalization may raise the assessment.
AMC 12.05.050(F)(4) (1994) states:
The burden of proof rests with the appellant. The only grounds for adjustment of an assessment are unequal, excessive, improper or under valuation based on the facts that are stated in a valid written appeal or provided at the appeal hearing.... If the valuation is found to be too low, the Board of Equalization may raise the assessment.