**Larry VARILEK, Personal Representative of the Estate of Martha Dunnagan, Appellant,**

v.

**Marianne K. BURKE, Municipality of Anchorage, Board of Equalization, Appellees.**

No. S–13763.

Supreme Court of Alaska.

June 10, 2011.

Rehearing Denied July 19, 2011.

Larry Varilek, pro se, Houston, Appellant.

Pamela D. Weiss, Assistant Municipal Attorney, and Dennis A. Wheeler, Municipal Attorney, Anchorage, for Appellees.

Before: CARPENETI, Chief Justice, FABE, WINFREE, and CHRISTEN, Justices.

## OPINION

CHRISTEN, Justice.

## I. INTRODUCTION

This appeal arises from the 2008 valuation of a parcel of real property in Anchorage. Larry Varilek, the personal representative of the estate that owns the property, argues that the Board of Equalization overvalued the property. After reviewing the record,

we affirm the superior court's decision upholding the Board's valuation.

## II. FACTS AND PROCEEDINGS

Martha Dunnagan owned a residential lot in Anchorage with a single-family home until her death in 2000. The property passed to her estate when she died. Larry Varilek is the personal representative of the Dunnagan estate.

In January 2008 the Municipality of Anchorage assessed the value of the property at $146,200—$51,200 for the land and $95,000 for the building. In February 2008 Varilek appealed the assessment to the Board of Equalization. He claimed that the valuation was overstated because the building was incomplete and because it had deteriorated.

Municipal Senior Appraiser Matt Rowley reassessed the value of the property after Varilek appealed.[1] Rowley concluded the building was 50% incomplete and he reduced the value of the building from $95,000 to $60,900—a total reduction of $34,100. The overall assessment of the property was lowered to $112,100. Varilek persisted in his position that the property was overvalued; he appealed to the Board of Equalization for a hearing on valuation.

The Board held a hearing on Varilek's appeal in April 2008. Varilek attended the hearing and provided estimates of the costs for repairing and completing the dwelling. The estimates were from 2004 and 2005; they were not timely filed, but the Board accepted them into evidence. Varilek claimed that the home was 75% incomplete and that the valuation should be reduced by another $35,000. The Board noted that the estimates he provided were three to four years old, that the scope of the work described in the estimates overlapped, and that

they did not include detailed breakdowns for material and labor. The Board concluded Varilek did not show the property was incorrectly valued.

Varilek appealed the Board's decision to the superior court. The superior court affirmed the decision of the Board, ruling that the Board did not err in determining that Varilek failed to meet the burden of proving the property was overvalued.

Varilek appeals the superior court's decision.

## III. STANDARD OF REVIEW

 When a superior court acts as an intermediate court of appeal, we independently review the merits of the underlying administrative decision and do not defer to the superior court's ruling.[2] We apply a reasonable basis standard of review for decisions by municipal boards of equalization when their decisions involve questions of fact and law that involve agency expertise.[3] We have specifically held that taxing authorities are to be given broad discretion in selecting valuation methods.[4]

## IV. DISCUSSION

### A. Varilek Did Not Demonstrate That The Board Lacked A Reasonable Basis For Its Decision.

Varilek responded to the Municipality's 2008 notice of assessed property value by filing a notice of appeal. Rowley then inspected the property, determined the building was 50% incomplete, and reduced the property valuation from $146,200 to $112,100. Varilek persisted in his appeal and a hearing was scheduled before the Board of Equalization. He argued that the adjusted 2008 as-

---

1. The transcript from the April 9, 2008 Board meeting identifies Rowley as Rolle. Rowley was not asked to spell his name during the Board meeting which likely led to the discrepancy.

2. *Black v. Municipality of Anchorage, Bd. of Equalization*, 187 P.3d 1096, 1099 (Alaska 2008) (citing *ACS of Alaska, Inc. v. Regulatory Comm'n of Alaska*, 81 P.3d 292, 295 (Alaska 2003)); *Nelson v. State, Commercial Fisheries Entry Comm'n*, 186 P.3d 582, 585 (Alaska 2008) (citing *Simpson*

*v. State, Commercial Fisheries Entry Comm'n*, 101 P.3d 605, 609 (Alaska 2004)).

3. *CH Kelly Trust v. Municipality of Anchorage, Bd. of Equalization*, 909 P.2d 1381, 1382 (Alaska 1996) (citing *N. Star Alaska Hous. Corp. v. Fairbanks N. Star Borough Bd. of Equalization*, 778 P.2d 1140, 1144 n. 7 (Alaska 1989)).

4. *Id.* (citing *N. Star Alaska Hous. Corp.*, 778 P.2d at 1143–44).

sessment still overvalued the property because the building was 75% incomplete.[5]

■ A property assessor is tasked with determining the market value for real property.[6] Alaska Statute 29.45.110(a) defines property value for assessment purposes:

> The full and true value is the estimated price that the property would bring in an open market and under the then prevailing market conditions in a sale between a willing seller and a willing buyer both conversant with the property and with prevailing general price levels.

Alaska Statute 29.45.210(b) provides:

> The appellant bears the burden of proof. The only grounds for adjustment of assessment are proof of unequal, excessive, improper, or under valuation based on facts that are stated in a valid written appeal or proven at the appeal hearing. If a valuation is found to be too low, the board of equalization may raise the assessment.

In *Cool Homes, Inc. v. Fairbanks North Star Borough* we outlined the standards for evaluating evidence at a hearing before the Board:

> A taxpayer contesting an assessment need only prove that the valuation is improper. The taxpayer does not have to offer the correct amount, range or method of valuation.... The burden then shifts to the taxing authority to introduce credible evidence which substantiates its assessment.[7]

■ We apply a reasonable basis standard of review to determine whether the Board properly valued a parcel of real estate because real property assessments encompass questions of fact and law that involve agency expertise.[8] Because the Board possesses specific expertise, it is given broad discretion in selecting valuation methods.[9]

### 1. The Board considered the estimates that Varilek provided.

■ Varilek appealed the 2005 property assessment for the same property,[10] primarily contesting the assessor's methodology. We affirmed the superior court's order upholding the Board's 2005 assessment.[11] The superior court's order observed, "if Mr. Varilek had provided actual cost estimates for the necessary renovation work [the Board] would have been willing to consider further lowering the assessed value of the residence." [12]

At the Board's hearing on the 2008 valuation, Varilek did present repair estimates. He argues on appeal that the Board did not consider them and that the property remains overvalued. Contrary to Varilek's assertion, the record shows the Board accepted and considered his estimates—despite the fact that they were obtained in 2004 and 2005. The estimates raised some concerns that reasonably caused the Board to place less weight on this evidence. First, the estimates were three to four years old. Second, some of the work described in the estimates overlapped. For example, both the BC Custom Interiors and J & S Steamway estimates reflected the cost of removing damaged sheetrock. In addition, the BC Custom Interiors estimate did not break down the estimate of each component of work included in the estimate. This was significant because some of the work described in the estimates had already been completed.

Although Rowley was not presented with the repair estimates until the hearing, his adjusted assessment accounted for all of the repairs covered by the estimates. Rowley

5. On appeal to our court, Varilek argues the property was 70% incomplete in 2008. He also claims that the Dunnagan estate's due process rights were violated in the 2002–2004 assessment cycles, but valuations for the years 2002–2004 are not the subject of this appeal.

6. *CH Kelly Trust*, 909 P.2d at 1382 (citing AS 29.45.110(a)).

7. 860 P.2d 1248, 1263 (Alaska 1993) (internal citations omitted).

8. *CH Kelly Trust*, 909 P.2d at 1382 (citing *N. Star Alaska Hous. Corp.*, 778 P.2d at 1144 n. 7).

9. *Id.* (citing *N. Star Alaska Hous. Corp.*, 778 P.2d at 1143–44).

10. *Varilek v. Burke*, Mem. Op. & J. No. 1379, 2011 WL 1441854 (Alaska April 13, 2011).

11. *Id.*

12. *Id.* at *2.

had reduced the value of the dwelling based on the absence of a heating system, sheetrock, interior paint, doors, trim, roof covering, appliances, cabinets, counter tops, and flooring, along with the partial absence or disrepair of joists, sub-flooring, windows, roughed electric, and exterior paint. Rowley found that the absence or disrepair of these items along with the presence of the foundation, water and sewer hookup, wall and roof framing, siding, and insulation indicated that the building was 50% incomplete. His analysis is sufficient evidentiary support to demonstrate that the Board considered Varilek's repair estimates.[13]

## 2. Varilek did not demonstrate that the revised valuation was improper.

Varilek also contends that the property was overvalued because it was compared to new buildings and completed buildings in the neighborhood. He argues that there are no comparable buildings in the area.

Rowley appraised the property based on the market adjusted cost approach. He considered the size, architectural style, and age of the home, and he kept these factors in mind when he compared the property to other homes. Rowley examined five comparable sales near the property but he adjusted the assessed value of the dwelling based on its deteriorated condition. Rowley acknowledged, "The property is in a state of disrepair and there is a considerable amount of deferred maintenance to the property." In addition to noting the deteriorated condition, Rowley also measured the degree of incompleteness of the building. The record includes the "Percent Incomplete Worksheet" he prepared. It shows each aspect of the building that was incomplete and the respective contribution of each incomplete job to the overall incompleteness of the dwelling. For example, the dwelling had no cabinets or counter tops and this made up 3% of the overall determination that the home was 50% incomplete.

Rowley valued the lot by comparing it to other lots in the same neighborhood. He explained, "I did a comparison with other properties for land value.... [T]his is a neighborhood of uniform sized lots, 5,310 square foot lots." Each lot was assessed at a land value of $9.64 per square foot, for a total assessment of $51,200 per lot. The land assessment for the Dunnagan lot was the same for all of the lots in the neighborhood that were included in Rowley's land equity grid. Taking all of these factors together, Rowley concluded that an accurate valuation of the property was $112,100. Varilek did not refute the Municipality's valuation methodology.

The Board had a reasonable basis for its 2008 assessment; the testimony presented to the Board demonstrated that the property was valued by comparing it to similar properties in the same area and that its deteriorated and partially-completed condition was taken into account. We agree with the superior court that Varilek did not meet his burden of showing that the Board's valuation was improper.

## B. Varilek Waived The Argument That The Board Should Have Considered The 2006 Tax Value As A "Base Rate" For Subsequent Tax Years.

█ Varilek argues on appeal to our court that the subject property was assessed at $85,000 in 2006 and that the Board should have considered the 2006 assessment when it valued the property in 2008.[14] He argues the Board "erred when it did not consider the 2006 tax assessment of $85,000 and gave no reason for its arbitrary and capricious decision." Our understanding of this argument is that Varilek contends the Board was required to explain why the 2006 assessment was not used as the starting point for determining the 2008 assessment. But apart from mentioning the 2006 assessed value, Varilek

---

**13.** Varilek requests that we remand the case for further proceedings pursuant to *Kenai Peninsula Borough v. Ryherd,* 628 P.2d 557, 563 (Alaska 1981). But *Ryherd* only provides for remand, "where an agency which has a duty to make written findings and conclusions has failed to do so." *Id.* Here, remand is not warranted because

the Board made adequate findings to support its conclusions.

**14.** The record shows the assessed value in 2006 was $85,800.

did not make this argument at the administrative hearing, and litigants may not raise issues for the first time on appeal.[15] Because Varilek failed to squarely raise this argument at the administrative level, it is waived.

■ Even if this issue had been preserved, it would not be persuasive. Varilek had the burden to show why the 2008 assessment was inaccurate. As noted above, AS 29.45.110(a) defines "property value" for assessment purposes as the "price the property would bring in an open market and under the then prevailing market conditions." Property assessments must take into account the current market value, rather than previous assessed values, as Varilek suggests.

## V. CONCLUSION

We AFFIRM the superior court's decision upholding the Board's valuation.

STOWERS, Justice, not participating.

**15.** *See e.g., Mullins v. Oates,* 179 P.3d 930, 941 (Alaska 2008) (citing *Brandon v. Corr. Corp. of Am.,* 28 P.3d 269, 280 (Alaska 2001)).