NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

|  |  |  |
|---|---|---|
| LARRY VARILEK, Personal Representative for the Estate of Martha Dunnagan, | ) ) ) ) | Supreme Court No. S-14448 |
|  | ) | Superior Court No. 3AN-10-08268CI |
| Appellant, | ) ) | MEMORANDUM OPINION AND JUDGMENT[*] |
| v. | ) ) | No. 1464 - July 17, 2013 |
| MUNICIPALITY OF ANCHORAGE, BOARD OF EQUALIZATION, | ) ) ) |  |
| Appellee. | ) ) |  |
| _____ | ) |  |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Fred Torrisi, Judge.

Appearances: Larry Varilek, pro se, Houston, Appellant. Pamela D. Weiss, Assistant Municipal Attorney, and Dennis A. Wheeler, Municipal Attorney, Anchorage, for Appellee.

Before: Fabe, Chief Justice, Winfree, Maassen, and Bolger, Justices, and Eastaugh, Senior Justice.[**] [Stowers, Justice, not participating.]

---

[*]  Entered under Alaska Appellate Rule 214.

[**]  Sitting by assignment made under article IV, section 11 of the Alaska Constitution and Alaska Administrative Rule 23(a).

Larry Varilek is the personal representative of an estate that owns Anchorage real property that is in disrepair.[1] The property is subject to taxation by the Municipality of Anchorage.[2] In 2010 the Municipality of Anchorage valued the property as 50% "incomplete." Varilek appealed to the Municipality's Board of Equalization, arguing that the valuation was "excessive" because (1) there were errors in the appraiser's worksheet, and (2) the valuation was affected by errors in valuations for prior years. Varilek also seemed to argue that he had been denied adequate notice of the valuations in 2002, 2003, and 2004.

At the hearing before the Board, the Municipal appraiser explained that the worksheet was only intended to create an approximate valuation, but the Municipality nonetheless agreed to correct valuation errors, resulting in an additional valuation reduction of seven percent because structures were "incomplete"; this change favored Varilek. The Board's chair characterized Varilek's appeal as being based on a claim of an "unequal" valuation, and seemed to grant Varilek's additional reduction of seven percent on that basis. On his appeal form, Varilek had checked the box indicating that his appeal was based on "excessive" valuation, but he had not checked the box that would have indicated that his appeal was based on "unequal" valuation.

Varilek appealed to the superior court. The superior court affirmed the Board's decision, reasoning that (1) earlier assessments had no bearing on the current assessment; (2) the Board had accepted Varilek's evidence and had given him all of the

---

[1]    *See Varilek v. Burke* (*Varilek I*), Mem. Op. & J. No. 1379, 2011 WL 1441854, at *1 (Alaska, Apr. 13, 2011).

[2]    *See id.*; *see also* Anchorage Municipal Code 12.05 (2012).

process he was due; and (3) the Board had a reasonable basis for its decision. Varilek appeals, primarily raising arguments that we rejected in his previous appeals.[3]

In an appeal such as this, the taxpayer bears the burden of proving that an assessment is "unequal, excessive, improper or under valuation."[4] When the superior court sits as an appellate court, we independently review the merits of the administrative decision without deference to the superior court.[5] The Board's fact findings are reviewed for substantial evidence.[6] When the Board has decided legal questions that involve agency expertise, we affirm the decision if the Board had a reasonable basis for its decision.[7] When reviewing legal conclusions that do not involve agency expertise, we apply the "substitution of judgment" test.[8] When reviewing agency regulations and the

---

[3]    *See Varilek I*, 2011 WL 1441854, at \*2-4; *see also Varilek v. Burke* (*Varilek II*), 254 P.3d 1068, 1070 (Alaska 2011), *reh'g denied* (July 19, 2011).

[4]    AS 29.45.210(b).

[5]    *Varilek II*, 254 P.3d at 1070 (citations omitted).

[6]    *Varilek I*, 2011 WL 1441854, at \*2 n.4 ("The 'substantial evidence' test applies to questions of fact and the 'reasonable basis' test applies to questions of law involving agency expertise." (citing *Lakloey, Inc. v. Univ. of Alaska*, 157 P.3d 1041, 1045 (Alaska 2007))).

[7]    *Varilek II*, 254 P.3d at 1070.

[8]    *Lakloey*, 157 P.3d at 1045; *see also Oels v. Anchorage Police Dep't Emp. Ass'n*, 279 P.3d 589, 595 (Alaska 2012) ("The 'substitution of judgment' test is equivalent to de novo review and requires that we 'adopt the rule of law that is most persuasive in light of precedent, reason and policy.' ") (citations omitted).

agency's interpretation of its regulations, we apply the "reasonable and not arbitrary" test.[9] Taxing authorities are given broad discretion in selecting valuation methods.[10]

Varilek argues here that he was denied adequate notice of the property valuations in 2002, 2003, and 2004. But the sole issue in this appeal is the validity of the 2010 valuation.[11] The adequacy of notice for earlier years is irrelevant to the present appeal.

Varilek also argues that because the Board granted him a reduction based on "unequal" valuation, he is also entitled to an additional reduction based on "excessive" valuation. At the Board hearing, Varilek presented no evidence relevant to any possible "unequal" valuation. Varilek's appeal form indicated that his appeal was based on "excessive" valuation, not "unequal" valuation. The Board chair mistakenly stated that the basis for Varilek's appeal was "unequal" valuation, and therefore misdescribed the basis for Varilek's appeal. But the chair's clerical error is immaterial and did not prejudice Varilek; it provides no grounds for reversal.[12] Varilek received the only reduction to which he was potentially entitled.

Varilek also argues that the Board erred by failing to consider his valuation estimates from previous years. Varilek testified about valuations from prior years and argued that the 2010 valuation was linked to prior years. Varilek argued that the property value had not changed from its 2006 value. As we explained in *Varilek II*, prior

---

[9]     *Lakloey*, 157 P.3d at 1045.

[10]     *Varilek II*, 254 P.3d at 1070.

[11]     *See Varilek I*, 2011 WL 1441854, at *4.

[12]     *See Fairbanks N. Star Borough v. Rogers & Babler*, 747 P.2d 528, 531 (Alaska 1987) ("Even if a finding of fact or conclusion of law is erroneous, the mistake is not grounds for reversal if the finding or conclusion is not necessary to the court's ultimate decision.") (citations omitted).

valuations are irrelevant to the current market valuation.[13] Varilek's argument therefore fails.

Varilek also contended before the Board that the assessment worksheet was inaccurate because structures that were missing or needed to be completely replaced were marked as partially complete. The Municipal appraiser testified about the condition of the property and the land value. He testified that properties are reassessed from scratch annually, and that the prior assessment has no bearing on the current assessment. He explained that the worksheet was just an estimate, but he agreed to decrease the percentage "complete" by seven percent based on Varilek's testimony that certain structures were missing or needed to be completely replaced.

The Board explained that percentage points should not be awarded for structures that are completely missing or need to be completely replaced. The Board then summarized the testimony presented by both sides and concluded that the percentage complete should be reduced by seven percent to more accurately reflect the missing and damaged structures. The Board thus corrected any inaccuracy. We conclude that substantial evidence supported the Board's decision.

Finally, Varilek challenges the Board's methodology in valuing his property. He argues that it was error to apply a cost methodology, rather than a market methodology. The Municipality responds that Varilek did not preserve that contention before the Board or in his superior court appeal, and, moreover, that he has provided no authority supporting his argument. In a previous appeal, we rejected Varilek's challenge to the Board's valuation methodology.[14] To the extent his present contention is based

---

[13]     254 P.3d at 1073.

[14]     *Id.* at 1070.

on a theory the Board relied on a methodology that was inconsistent with AS 29.45.110(a), he failed to preserve that issue below, and cannot raise it now.[15]

We consequently AFFIRM the superior court decision that affirmed the decision of the Board of Equalization.

---

[15]    AS 29.45.110(a) provides:

> The assessor shall assess property at its full and true value as of January 1 of the assessment year, except as provided in this section, AS 29.45.060, and 29.45.230. The full and true value is the estimated price that the property would bring in an open market and under the then prevailing market conditions in a sale between a willing seller and a willing buyer both conversant with the property and with prevailing general price levels.