*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@appellate.courts.state.ak.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| SHEILA C. BRANDNER, | ) | |
| | ) | Supreme Court No. S-15144 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-12-07520 CI |
| v. | ) | |
| | ) | O P I N I O N |
| MUNICIPALITY OF ANCHORAGE, | ) | |
| | ) | No. 6913 – June 13, 2014 |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Andrew Guidi, Judge.

Appearances: Sheila C. Brandner, pro se, Anchorage, Appellant. Pamela D. Weiss, Assistant Municipal Attorney, and Dennis A. Wheeler, Municipal Attorney, Anchorage, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

BOLGER, Justice.

## I. INTRODUCTION

Sheila Brandner appeals the Anchorage Municipal Board of Equalization's (the Board's) valuation of her home for the 2012 tax year. She argues that the Municipal assessor's office used an improper appraisal method and that the Board overestimated the value of her property. We conclude that the Board made a clerical error in the

calculation of the value of Brandner's property. We therefore remand to the Board to adopt a final assessment of $420,700, which is consistent with the Board's intent.

## II. FACTS AND PROCEEDINGS

The property at issue in this appeal is a single-family residence on a 1.17 acre lot in the Spring Hills Estates community of Anchorage. At Brandner's request, Municipality of Anchorage assessor Lucito Muñoz and his supervisor, John Dyson, inspected the property on June 20, 2011. According to Muñoz's testimony, they noticed that the house had some defects, and so gave it a "fair," or below average, rating. Based on their inspection and a comparison of other like properties, they concluded that Brandner's property was worth $499,400.

Brandner appealed the assessment, claiming that it overvalued her property "by a long shot." In preparation for her appeal before the Board, Brandner obtained an independent appraisal and several repair estimates from local contractors. Her appraiser, Paige Hodson, valued the property at $385,000, and the contractors estimated that repair work on the house would cost between $120,000 and $140,000.

Although Brandner sought to introduce copies of the appraisal and estimates during a hearing before the Board, she was not permitted to do so because she had failed to submit the evidence by the required deadline. However, the Board allowed her to testify as to the substance of those documents.

The Board held a hearing concerning Brandner's appeal on March 27, 2012. During the hearing, Brandner and Hodson argued that the Municipality's appraisal did not adequately take into account the poor condition of the property. To support their argument, they testified to Hodson's appraisal and the three repair estimates.

Muñoz responded that his appraisal did take into account the property's below-average condition. He testified that the property is worth $560,700,[1] but that he subtracted about $61,000 to account for defects he observed during his inspection. He therefore concluded that $499,400 was a fair estimate of the property's value.

At the end of the hearing, the Board concluded that Brandner had shown that the property required about $140,000 of repair work to restore it to good condition. Adopting a base value of $567,000, the Board concluded that the property was worth $427,000 before repairs.

Brandner asked the Board to reconsider its decision, arguing that the Board committed error by adopting the Municipality's base value estimate and that one of the Board members asked questions that were harassing and intimidating. She also objected to the Board's exclusion of her documentary evidence, claiming that her "significant efforts" to file the documents by the Board's deadline "were repeatedly and brutally thwarted." The Board denied Brandner's request for reconsideration.

Brandner appealed to the superior court, making substantially the same arguments that she made in her request for reconsideration. The court affirmed the Board's decision, concluding that it "was well within the Board's discretion" to adopt the Municipality's estimate of the property's value rather than Hodson's and that Brandner had not shown that "the Board applied a fundamentally wrong principle of valuation or engaged in fraud." Brandner now appeals to this court.

---

[1] The Board heard this as $567,000.

## III. STANDARD OF REVIEW

In administrative appeals, we independently review the merits of the underlying administrative decision.[2] Because "real property assessments encompass questions of fact and law that involve agency expertise," we apply the "reasonable basis standard of review to determine whether the Board properly valued a parcel of real estate."[3] This is a deferential standard of review, and the Board's decision will be upheld "so long as there was no fraud or clear adoption of a fundamentally wrong principle of valuation."[4] An agency adjudicator's decision to exclude evidence is reviewed for abuse of discretion.[5]

## IV. DISCUSSION

Brandner argues, first, that the base value adopted by the Board is arbitrary and has no basis in the record. The Municipality responds that the Board's estimate is supported by substantial evidence.

During the hearing, Muñoz testified that the property should be valued at "five sixty seven hundred." Although that phrase is ambiguous, it appears that Muñoz was using a shorthand to refer to a figure of "five [hundred and] sixty [thousand,] seven hundred [dollars]" or "$560,700." And the record supports the conclusion that Muñoz meant $560,700. First, he testified that the "five sixty seven hundred" figure was based on $204,600 for the land and $356,100 for the improvements, which equals $560,700.

---

[2]     *Varilek v. Burke*, 254 P.3d 1068, 1070 (Alaska 2011).

[3]     *Id.* at 1071.

[4]     *Horan v. Kenai Peninsula Borough Bd. of Equalization*, 247 P.3d 990, 998 (Alaska 2011) (internal quotation marks omitted).

[5]     *Stein v. Kelso*, 846 P.2d 123, 126 (Alaska 1993).

Second, Muñoz testified that he arrived at $499,400, his final estimate of the property's value, by subtracting about $61,000 from "five sixty seven hundred."

The record supports Muñoz's testimony that the property would be worth approximately $560,700 after repairs. Muñoz appraised the land using a market-adjusted cost approach, valuing the property as the unimproved land value plus the depreciated replacement cost of the improvements.[6] The property appraisal report indicates that the land was assessed at $204,600, the value that the Board ultimately adopted. The house was estimated at a base cost of $364,000 and a replacement cost of $429,500. These estimates support Muñoz's testimony that the house is worth at least $356,100. The replacement cost of the house was then reduced to account for various economic factors, apparently including the cost of repairs, to yield a final estimate of $293,700.

The Board accepted the Municipality's estimate of the value of the land plus the replacement cost of the building. However, all three Board members apparently misunderstood Muñoz's testimony, and they adopted $567,000 as the value of the land plus the replacement cost of the house. Turning to Brandner's repair estimates, which ranged from $120,000 to $140,000, one Board member was concerned that these estimates did not include upgrades necessary to bring the property into like-new condition. Another member was concerned that the estimates did not include the cost to repair the roof, which, according to Brandner, was in disrepair. The Board eventually decided to adopt the maximum repair estimate that Brandner had submitted to account for these unknown variables. They concluded, therefore, that the fair market value of the

---

[6]    Hodson's appraisal defines the replacement cost as "the estimated cost to construct, at current prices as of the effective appraisal date, a building with utility equivalent to the building being appraised, using modern materials and current standards, design and layout."

property was $567,000 (the Municipality's estimate based on the replacement cost of the house) minus $140,000 (the cost of repairs), or $427,000.

The Board clearly intended to rely on the assessor's testimony about the replacement cost of the property. And there was ample evidence supporting the conclusion that the Board clearly intended to reach: that the fair market value of Brandner's property was the assessor's estimate less the $140,000 cost of repairs. We conclude that this case should be remanded so that the Board may enter a final assessed value of $420,700, which is consistent with its expressed intent.

Brandner also argues that she was wrongfully prevented from presenting evidence at the hearing concerning the fair market value of her property. The Municipality does not respond to this argument.

The Anchorage Municipal Code (AMC) provides that "[d]ocuments to be submitted as evidence by the appellant [during a Board hearing] must be filed with the assessor no later than 15 days from the close of the appeal period unless the appellant and assessor agree to an extension."[7] Because the appeal period closes 30 days after a tax assessment is mailed to the property owner,[8] evidence must be submitted within 45 days of that mailing. The appellant is precluded from introducing at the Board hearing any evidence not submitted by the deadline.[9]

---

[7] AMC 12.05.053(C)(7) (2003).

[8] AMC 12.05.055(B) (2006).

[9] *See* AMC 12.05.053(C)(7) ("Documents to be submitted as evidence by the appellant must be filed with the assessor no later than 15 days from the close of the appeal period unless the appellant and the assessor agree to an extension. If an appellant has refused or failed to provide the assessor or assessor's agent full access to property or records, the appellant shall be precluded from offering evidence on the issues or issues affected by that access and those issues shall be decided in favor of the assessor.").

We have indicated that courts must relax certain court procedures for pro se litigants.[10] But "pro se litigants are expected to make a good faith attempt to comply with the rules of procedure," and "absent this effort, the litigant may be denied the leniency otherwise afforded pro se litigants."[11] Here, the record suggests that Brandner did not make a good faith attempt to comply with the Municipality's deadline. On the contrary, she waited until after the deadline to obtain repair estimates and a commercial appraisal because she thought this evidence might be unnecessary.

Moreover, the Board permitted Brandner to testify concerning the amount of the repair estimates and the result of the appraisal, and the Board expressly relied on the repair estimates to reduce the assessed value of her property. We conclude that the Board did not abuse its discretion in its treatment of this evidence.[12]

## V. CONCLUSION

We REVERSE the superior court's decision and REMAND this case to the Board for entry of a final assessed value of $420,700.

---

[10] *Gilbert v. Nina Plaza Condo Ass'n*, 64 P.3d 126, 129 (Alaska 2003).

[11] *Farmer v. State, Dep't of Law*, 235 P.3d 1012, 1017 (Alaska 2010) (internal quotation marks and alteration omitted).

[12] Brandner also argues that one of the Board members harassed and intimidated her during the hearing; however, she does not elaborate on these allegations in her brief. This argument is waived for lack of adequate briefing. *Baseden v. State*, 174 P.3d 233, 243 (Alaska 2008) (stating that arguments not adequately briefed are waived).