*Notice:* This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@appellate.courts.state.ak.us.

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| RAY T. BRIGGS, | ) | |
| | ) | Supreme Court No. S-14969 |
| Appellant, | ) | |
| | ) | Superior Court No. 3PA-07-01480 CI |
| v. | ) | |
| | ) | O P I N I O N |
| CITY OF PALMER, ALASKA, a | ) | |
| municipal corporation, | ) | |
| | ) | No. 6952 – September 12, 2014 |
| Appellee. | ) | |
| _____ | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Vanessa White, Judge.

Appearances:  Ray T. Briggs, pro se, Palmer, Appellant. Michael R. Gatti and Mary B. Pinkel, Wohlforth, Brecht, Cartledge, & Brooking, Anchorage, for Appellee.

Before:  Fabe, Chief Justice, Winfree, Stowers, and Bolger, Justices. [Maassen, Justice, not participating.]

BOLGER, Justice.

## I.    INTRODUCTION

The owner of two lots and a residence near the Palmer Municipal Airport brought an inverse condemnation claim against the City of Palmer, arguing that the airport operation diminished his property value.  The superior court entered summary judgment for the City of Palmer because the property owner failed to submit any expert testimony regarding damages.  We reverse the superior court's decision because Alaska

law permits property owners to testify about their opinion of the property's value before and after an alleged taking.

## II.    FACTS AND PROCEEDINGS

Ray Briggs purchased two parcels of land from the Small Business Administration in 1989. Those parcels share a boundary with the Palmer Airport. In 1997 Briggs complained to the Matanuska-Susitna Borough, alleging that Palmer had committed an unconstitutional taking of his property. Palmer subsequently annexed Briggs's property into its corporate boundaries. In 2006 Briggs asked Palmer to buy his property, again alleging that Palmer had committed a taking.

In June 2007 Briggs filed a superior court complaint claiming inverse condemnation. He alleged that the noise from the Palmer Airport substantially interfered with the use and enjoyment of his property to such a degree that it rendered his property uninhabitable and entitled him to just compensation. Briggs alleged that the noise and pollution created by planes landing or taking off from the Palmer Airport substantially diminished his property value.

Palmer filed pretrial motions to exclude various types of evidence. In response to these motions, Briggs's attorney stated that he would not be calling any expert witnesses to testify to the value of Briggs's property. He asserted that Alaska law allows property owners to testify as to their opinion of the value of their property.

In December 2011 the superior court heard oral argument on the pending motions. The court accepted Briggs's late-filed witness list, which consisted of Briggs and his partner, Gilbert Shea. The court granted Palmer's motion to exclude evidence of the Borough's property tax assessment for Brigg's property. In making this decision, the court expressed concern that Briggs might not be able to meet his "burden of proof" because Briggs and Shea lacked expertise in property valuation.

Palmer filed a motion for summary judgment in March 2012, arguing Briggs had no admissible evidence to prove his damages. Briggs's attorney did not oppose Palmer's motion. The superior court granted Palmer's motion, stating that "[b]ecause proof of damages is an essential element of plaintiff's inverse condemnation case, the court's ruling results in dismissal of plaintiff's case in its entirety."

Briggs filed motions seeking to proceed pro se and requesting oral argument; the superior court denied his motions and a final judgment in favor of Palmer was distributed on June 15, 2012. Briggs requested reconsideration and again sought to proceed pro se. Briggs's attorney then moved to withdraw, and the court granted that motion. Briggs, now proceeding pro se, moved to set aside the judgment, but on November 7 the court denied his request. Briggs filed this appeal on December 3, over five months after final judgment was distributed and well beyond the 30 days allowed under the Appellate Rules. We accepted the late filing and now consider Briggs's appeal.

## III.    STANDARD OF REVIEW

"We review a grant of summary judgment de novo, affirming the summary judgment when there is no genuine issue of material fact and the prevailing party is entitled to judgment as a matter of law."[1]

"When the admissibility of evidence turns on a question of fact, we review a trial court's decision on admissibility for an abuse of discretion. However, when admissibility turns on a question of law, we use our independent judgment in reviewing the trial court's ruling."[2]

---

[1]    *Weimer v. Cont'l Car & Truck, LLC*, 237 P.3d 610, 613 (Alaska 2010) (citing Alaska R. Civ. P. 56(c); *Preblich v. Zorea*, 996 P.2d 730, 733 (Alaska 2000)).

[2]    *Sowinski v. Walker*, 198 P.3d 1134, 1159 (Alaska 2008) (citing *Turner v. Municipality of Anchorage*, 171 P.3d 180, 184 (Alaska 2007); *Laidlaw Transit, Inc. v. Crouse ex rel. Crouse*, 53 P.3d 1093, 1097 (Alaska 2002)).

"[W]e consider pro se pleadings liberally in an effort to determine what legal claims have been raised."[3]

## IV. DISCUSSION

### A. Briggs's Late Appeal Of The Superior Court's Judgment May Be Accepted Because He Had An Obvious Misunderstanding Of Court Procedure.

Alaska Appellate Rule 204(a)(1) provides that the appealing party must file a notice of appeal within 30 days of the distribution of the judgment. But the time limit for filing a notice of appeal is not jurisdictional, and the "requirements of that rule may be relaxed or dispensed with where a strict application would be unfair."[4] Alaska Appellate Rule 502(b)(2) specifically gives us discretion "to validate an act done after the expiration of the time period"[5] upon "a showing of good cause for an out-of-time application for extension of time."[6] And we may relax procedural requirements for pro se litigants in situations that do not involve gross neglect or bad faith.[7]

In the present case, the superior court entered summary judgment on the issue of damages on March 26, 2012. The court distributed its final judgment on

---

[3] *Toliver v. Alaska State Comm'n for Human Rights*, 279 P.3d 619, 622 (Alaska 2012) (citing *Clemensen v. Providence Alaska Med. Ctr.*, 203 P.3d 1148, 1150 (Alaska 2009)).

[4] *Radich v. Fairbanks Builders, Inc.*, 399 P.2d 215, 217 (Alaska 1965); *accord Gilbert v. State Farm Ins. Co.*, Mem. Op. & J No. 1178, 2004 WL 1701109, at *2 n.6 (Alaska July 28, 2004) ("Though State Farm is correct that technically this appeal is late under Alaska Appellate Rule 204(a)(1) and Alaska Civil Rule 77(k), given Gilbert's pro se status and the plausible reasons she presents for the delay, we will consider the appeal.").

[5] Alaska R. App. P. 502(b)(2).

[6] *Shea v. State, Dep't of Admin., Div. of Ret. & Benefits*, 204 P.3d 1023, 1028 (Alaska 2009).

[7] *Brandner v. Municipality of Anchorage*, 327 P.3d 200, 203 (Alaska 2014).

June 15.  Both before and after that date, Briggs filed several motions to proceed pro se, claiming that he was not being adequately represented by his attorney.  On July 11 and August 22, Briggs also filed requests for reconsideration.  After the superior court denied the motions for reconsideration, Briggs filed a motion to set aside the judgment, claiming that his counsel had not represented him adequately.  The superior court's order denying this motion was distributed on November 7.  Briggs filed a notice of appeal on December 3, 2012.

Palmer argues that this procedural history shows that Briggs's appeal was not timely, and that neither Briggs's requests for reconsideration nor his motion to set aside the judgment met the requirements to toll the running of time for filing an appeal.[8] But Briggs is a pro se litigant who seems to have misunderstood court procedure.   The record shows Briggs repeatedly asked to represent himself after his attorney neglected to respond to the motion for summary judgment,  and he also repeatedly sought relief from the superior court's order granting summary judgment.  Based on this showing, we are satisfied there is good cause to accept this appeal.

**B.     Alaska Law Allows Property Owners To Testify About The Diminution In Value Of Their Property.**

Briggs argues he can provide credible testimony about the diminution in value of his property.  In response, Palmer argues the superior court's decision should be affirmed because an inverse condemnation case requires expert testimony to prove the value of damages.  Palmer relies on *Wernberg v. Matanuska Electric Ass'n*, which states: "While the property owner is permitted to testify as to the market value of his land, it is clear that the amount of damage to property in trespass as in eminent domain cases is more appropriately the subject of expert testimony measured by an objective standard of damages."[9]  But in our more recent decisions, we have reemphasized *Wernberg*'s

---

**8**    *See* Alaska R. App. P.  204(a)(3).

**9**    494 P.2d 790, 795 (Alaska 1972).

prefatory statement that a "property owner is permitted to testify as to the market value of his land" and have clarified that this rule is based on the premise that an owner is informed about a property's value, both before and after an event that diminished that value.

In *Fairbanks North Star Borough v. Lakeview Enterprises, Inc.*, an inverse condemnation case involving a neighboring landfill, we stated that "[a]n owner's opinion on the topic of property value is normally admissible in Alaska."[10] Likewise, in *Osborne v. Hurst*, a case where a fire set on neighboring property destroyed a cabin, we held that lay testimony offered by the property owners about the value of their property before and after the fire was admissible because of the owners' presumed knowledge about the value of their property.[11] We reaffirmed this position more recently in *Maddox v. Hardy* when we stated that "Alaska allows lay testimony from the owner of property as to the value of the property before and after a damaging event."[12]

We conclude it was error to rule that Briggs could not testify about damages based on the value of his property before and after the alleged taking.[13] We thus reverse the superior court's order granting summary judgment that relied on this ruling.

---

[10]    897 P.2d 47, 55 n.14 (Alaska 1995) (citing *Schymanski v. Conventz*, 674 P.2d 281, 286 (Alaska 1983)).

[11]    947 P.2d 1356, 1361 (Alaska 1997).

[12]    187 P.3d 486, 495 (Alaska 2008).

[13]    Nothing in the record before us indicates that Shea is an owner of the property. As such this ruling does not affect the superior court's order regarding his testimony.

## V. CONCLUSION

We REVERSE the superior court's order granting summary judgment and REMAND for further proceedings.[14]

---

**14** In view of this disposition, we are not required to address any other issues raised in this appeal. But we note certain issues may arise on remand with respect to the court's award of fees and costs. Palmer concedes that the superior court should not have enhanced the attorney's fee award under Alaska Civil Rule 82. Palmer also concedes that the court should not have awarded expert witness costs under Alaska Civil Rule 79(a) because the expert never testified at trial. And neither the court nor the parties considered whether the court's fee and cost awards could be affected by the statute that governs constitutional claims. *See* AS 09.60.010(c)(2). Even if the court concluded Briggs had "sufficient economic incentive" to bring the suit, he would still be entitled to abatement of an award that "would inflict a substantial and undue hardship." *See* AS 09.60.010(e).