NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| RAND J. HOOKS JR., | ) | |
| | ) | Supreme Court No. S-17707 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-19-05932 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| HELEN STEPHAN, | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 1833 – June 9, 2021 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Gregory Miller, Judge.

Appearances: Rand J. Hooks Jr., pro se, Anchorage, Appellant. Richard A. Helm, Bookman & Helm, LLP, Anchorage, for Appellee.

Before: Bolger, Chief Justice, Winfree, Maassen, Carney, and Borghesan, Justices.

## I.    INTRODUCTION

After Helen Stephan signed the title of her mobile home over to Rand J. Hooks Jr., Hooks took possession of the mobile home. Stephan sued, claiming that Hooks had never paid her for the mobile home and had destroyed the personal property she left inside. After Hooks failed to respond to a request for admissions, Stephan moved for summary judgment. The court granted her motion, awarding Stephan

---

\*    Entered under Alaska Appellate Rule 214.

possession and title to the mobile home and $5,000 for her destroyed property. Hooks appeals. Because Stephan did not proffer sufficient evidence to be entitled to judgment as a matter of law, we reverse and remand.

## II.    PROCEEDINGS

In March 2019 Stephan filed a complaint against Hooks, alleging that Stephan was the equitable owner of a mobile home in Anchorage, which she believed Hooks had intended to purchase for $15,000. Stephan alleged that she signed the title to the mobile home over to Hooks so that he could pay the back rent for the space it occupied and unpaid taxes owed to the Municipality of Anchorage. Hooks did so, then moved into the mobile home and changed the locks, even though there was no agreement for the sale or for Hooks's possession of the mobile home. The complaint alleged that Stephan was allowed to retrieve only some of her personal property in the mobile home and that Hooks destroyed the remainder, worth $5,000. Stephan requested judgment against Hooks for possession of the mobile home, damages resulting from Hooks's wrongful possession of the mobile home, and damages for the personal property destroyed by Hooks.

In an answer, Hooks claimed that he never offered to purchase Stephan's mobile home. Rather, he maintained that Stephan signed the title of the mobile home over to Hooks because she was about to be evicted. Hooks further alleged that he paid the overdue rent and taxes and repaired the mobile home in order to make it habitable. He also denied Stephan's allegation that she was not given an opportunity to collect her property from the mobile home. Instead, he alleged that when Stephan was given an opportunity to gather her belongings she came to the mobile home with about ten other people, broke in the door, kicked in the sheet rock walls, poured charcoal lighter fluid on the carpet and floors, retrieved her belongings, and called Hooks a racial slur. He claimed that Stephan owed him money for the ensuing damage to the mobile home.

Stephan moved for summary judgment. She supported the motion with requests for admission to which Hooks had not timely responded[1] and argued that they should be deemed admitted.[2] These admissions included: "that [Hooks] had no agreement with [Stephan] for the purchase of her mobile home, that he paid nothing for the mobile home, that the mobile home was worth $15,000.00, [and] that [Hooks] destroyed, sold or got rid of personal property belonging to [Stephan] worth $5,000.00."

The court granted summary judgment to Stephan. It awarded Stephan possession of and title to the mobile home, as well as a money judgment of $5,000.[3] Hooks appeals.

## III. DISCUSSION

### A. Hooks's Untimely Appeal Is Excused.

Stephan argues that Hooks's appeal should be dismissed because it was not timely filed. We excuse Hooks's untimely appeal.

---

[1]    Hooks later insisted he never received these discovery requests.

[2]    *See* Alaska R. Civ. P. 36(a) (stating that a matter about which a request for admissions is made "is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter").

[3]    After summary judgment was granted, but before this appeal was filed, Hooks filed additional motions, including a motion for judgment in his favor and a request and order for missing documents. In December 2019 Hooks moved for revocation of summary judgment. The record indicates that the court ruled on this motion on January 7, 2020, deeming it a motion for reconsideration and ordering Stephan to respond to the motion by January 21. However, Stephan's attorney indicated at oral argument that he had never seen this order, and there appear to be no subsequent filings directed to this issue. In light of the remand, we flag this issue for the superior court's consideration.

A notice of appeal must be filed within 30 days of the date of distribution of judgment.[4] Hooks did not file his notice of appeal until February 3, 2020, 83 days after the judgment was distributed on November 12, 2019.[5]

We have the authority to accept late appeals in the interests of justice.[6] "We will excuse a late filing when it is the result of reasonable confusion about the state of the law and there is no prejudice to the opposing party."[7] Further, Hooks is a self-represented litigant, "[a]nd we may relax procedural requirements for [self-represented] litigants in situations that do not involve gross neglect or bad faith."[8] This court has excused late appeals from self-represented litigants who "made a good-faith effort to appeal by the deadline"[9] because "[self-represented] litigants who make good faith efforts to comply with court rules should not be held to strict procedural requirements."[10]

---

[4]   Alaska R. App. P. 204(a)(1).

[5]   Four days after Hooks filed his appeal, Stephan moved to dismiss it, arguing that it had been untimely filed. We denied Stephan's motion.

[6]   *See* Alaska R. App. P. 521 (allowing appellate courts to "relax[] or "dispense[] with" the appellate rules "where a strict adherence to them will work surprise or injustice"); *In re Adoption of Erin G.*, 140 P.3d 886, 889 (Alaska 2006) ("[T]he time limit for filing a notice of appeal is not jurisdictional and the rule may be relaxed or dispensed with 'to avoid surprise or injustice.' " (quoting *Isaacson Structural Steel Co., Div. of Isaacson Corp. v. Armco Steel Corp.*, 640 P.2d 812, 815 n.8 (Alaska 1982)).

[7]   *Conitz v. Alaska State Comm'n for Human Rights*, 325 P.3d 501, 506 (Alaska 2014).

[8]   *Briggs v. City of Palmer*, 333 P.3d 746, 748 (Alaska 2014).

[9]   *In re Erin G.*, 140 P.3d at 889.

[10]   *Id.* (quoting *Noey v. Bledsoe*, 978 P.2d 1264, 1270 (Alaska 1999)); *see also Griswold v. City of Homer*, 252 P.3d 1020, 1027 (Alaska 2011) (permitting a self-

(continued...)

Hooks's late filing appears to be the result of reasonable confusion about the law. His motion to accept his untimely appeal stated that he was filing the appeal late because of "the attorney fees arrival date & I also have a revocation of summary judgment yet to be answered by the judge." The effects of post-judgment motions for attorney's fees and for relief from judgment on the deadline for appeal are reasonable sources of confusion for a self-represented litigant. Excusing Hooks's untimely appeal is also consistent with our precedent. In *Conitz v. Alaska State Commission for Human Rights* we excused a late-filed appeal where the (represented) appellant erroneously believed that his motion for reconsideration extended his time for filing an appeal.[11] And in *Briggs v. Palmer* we excused a late-filed appeal from a self-represented litigant "who seems to have misunderstood court procedure."[12]

There is no apparent prejudice to Stephan in considering this appeal. Indeed, Stephan does not argue that she is prejudiced by the delay. Hooks's series of filings since the judgment was rendered clearly put Stephan on notice that Hooks intended to challenge the judgment.

Because Hooks's late appeal appears to be caused by "reasonable confusion about the state of the law and there is no prejudice to the opposing party,"[13] we "relax

---

[10]     (...continued)
represented litigant's untimely appeal).

[11]     325 P.3d at 505-07.

[12]     333 P.3d at 748; see also; *Mattfield v. Mattfield*, 133 P.3d 667, 674 n.7 (Alaska 2006) (relaxing the deadline for appeal to avoid injustice); *Anderson v. State, Commercial Fisheries Entry Comm'n*, 654 P.2d 1320, 1320-22 (Alaska 1982) (holding that superior court abused its discretion by failing to relax the rules to allow a late appeal).

[13]     *Conitz*, 325 P.3d at 506.

procedural requirements" for a self-represented litigant who does not appear to have committed gross neglect or bad faith[14] and therefore excuse Hooks's late appeal.

**B.     Summary Judgment Was Improperly Granted.[15]**

"We review grants of summary judgment de novo, drawing all factual inferences in favor of, and viewing the facts in the light most favorable to the non-prevailing party."[16] "We will 'affirm grants of summary judgment when there are no genuine issues of material fact, and the prevailing party (generally the movant) [is] entitled to judgment as a matter of law.' "[17] Here, Stephan failed to proffer sufficient evidence on the elements of her claims and is not entitled to judgment as a matter of law.

Stephan's claim for possession rests on the allegation that although she signed the title to the trailer over to Hooks, there was no agreement that he would take ownership of the trailer. Her claim for damages rests on the allegation that, because Hooks had no right to possession, he also had no right to destroy the property she left inside. The allegations in Stephan's complaint are not evidence for purposes of summary judgment.[18] So to prevail on summary judgment, Stephan had to produce evidence that,

---

[14]     *Briggs*, 333 P.3d at 748.

[15]     Hooks's brief to this court contains seven exhibits. Because material not presented to the trial court may not be added to the record on appeal, we do not consider these exhibits in our analysis of this case. *See* Alaska R. App. P. 210(a).

[16]     *Israel v. State, Dep't of Corr.*, 460 P.3d 777, 783 (Alaska 2020) (quoting *Leahy v. Conant*, 436 P.3d 1039, 1043 (Alaska 2019)).

[17]     *Id*. (alteration in original) (quoting *Leahy*, 436 P.3d at 1043).

[18]     *See Concerned Citizens of S. Kenai Peninsula v. Kenai Peninsula Borough*, 527 P.2d 447, 450 (Alaska 1974) ("Assertions of fact in pleadings and memoranda, unauthenticated and unsworn documents, and uncertified copies of public records are not admissible in evidence and cannot be relied upon for the purposes of summary

(continued...)

viewed in the light most favorable to Hooks (the non-moving party), shows her allegations to be true.

Stephan moved for summary judgment relying solely on Hooks's constructive admissions; she did not attach any affidavits or other evidence to her summary judgment motion. By failing to respond to Stephan's discovery request, Hooks admitted to the following:[19] (1) that Hooks had no agreement with Stephan for the purchase of the mobile home; (2) that Hooks paid nothing to Stephan for the mobile home; (3) that the mobile home was worth at least $15,000 in October 2018; and (4) that Hooks destroyed, sold, or got rid of $5,000 worth of Stephan's personal property. These admissions do not entitle Stephan to judgment as a matter of law.[20]

Hooks's constructive admissions fail to establish as a matter of law that Hooks had no right to possession of the trailer. The first admission is that Hooks had no agreement with Stephan for the purchase of the mobile home. Yet this admission, when viewed in the light most favorable to Hooks, does not rule out the version of events that Hooks describes in his answer: Stephan was about to be evicted and intended for Hooks to take possession of the trailer so that she would be relieved of the back rent and tax obligations that went with it. In other words, it is possible that Hooks's possession of the trailer is lawful even if there was no agreement for him to "purchase" it because Stephan

---

[18]    (...continued)
judgment.").

[19]    *See* Alaska R. Civ. P. 36(a).

[20]    Hooks's failure to respond to the summary judgment motion does not, without more, entitle Stephan to summary judgment. *See Martinez v. Ha*, 12 P.3d 1159, 1162-63 (Alaska 2000) ("Even if a motion for summary judgment is unopposed, 'the superior court may grant the motion only if otherwise appropriate under [Alaska Civil] Rule 56.'" (quoting *Newton v. Magill*, 872 P.2d 1213, 1215 (Alaska 1994))).

essentially abandoned the trailer and its associated debts to him. For the same reason, the admission that Hooks paid nothing to Stephan for the trailer does not establish that Hooks's possession was unlawful either. The third and fourth admissions — that the mobile home was worth at least $15,000 in October 2018, and that Hooks destroyed, sold, or got rid of $5,000 worth of Stephan's personal property — do not address at all whether the parties intended for Hooks to take ownership of the trailer.

The constructive admissions are not sufficient to support Stephan's claim for damages either. Stephan alleged that her "personal property, including clothing and furniture was inside the trailer and [Stephan] was only permitted to get some of it. [Stephan] believes that [Hooks] destroyed the remainder of the personal property, which she values at $5,000.00" Hooks's admission established only that he "destroyed, sold or got rid of [Stephan's] personal property worth $5,000.00." But the fact that he disposed of this property does not rule out the possibility that he only disposed of property that Stephan had voluntarily abandoned in the mobile home (which he claimed in his answer). And as noted earlier, Stephan presented no other admissible evidence of the property's status or the parties' intent.

"[A] party seeking summary judgment has the initial burden of proving, through admissible evidence, that there are no [genuine] disputed issues of material fact and that the moving party is entitled to judgment as a matter of law."[21] Stephan has failed to meet this burden. Hooks's constructive admissions are insufficient to show that

---

[21] *Christensen v. Alaska Sales & Serv., Inc.*, 335 P.3d 514, 517 (Alaska 2014) (alterations in original) (quoting *Mitchell v. Teck Cominco Alaska Inc.*, 193 P.3d 751, 760 n.25 (Alaska 2008)).

there are no genuine disputed issues and that Stephan is entitled to judgment as a matter of law.[22]

## IV. CONCLUSION

We REVERSE the superior court and REMAND for further proceedings consistent with this opinion.

---

[22] In addition to the issues addressed in this decision, Hooks makes two other arguments on appeal: that the case should be dismissed because it was improperly filed as a real estate case instead of a case concerning consumer property, and that he is entitled to $35,000 to compensate him for his improvements to the mobile home. However, Hooks did not raise the case-description argument until after the superior court entered final judgment, and it appears the issue was never ruled on. The superior court denied Hooks's post-judgment motion for judgment on his damages claim by pointing out that the court had already entered final judgment. Because we vacate the grant of summary judgment and entry of final judgment in favor of Stephan, we do not address these issues and leave them to the superior court to consider in the first instance.